ED LEAHY V. THE STATE.

No. 9510.     Delivered February 17, 1926.

1.—Theft of Automobile—Accomplice Testimony—Uncorrobrated—Not Sufficient.

Both of the state witnesses in this case were avowed accomplices, and confessedly the ones who actually stole the automobile in question. There is not the slightest corroboration of their testimony which even remotely tends to connect the appellant with the crime. Such a conviction cannot be permitted to stand.

2.—Same—Charge of Court—On Principals—Held, Incorrect.

The court's charge on principals does not correctly present the law. Commenting on a charge in identically the same language as that given in this case, Mr. Branch correctly stated the rule as follows: "The charge quoted in the preceding paragraph would be reversible error in every felony case where the defensive theory was an alibi, or where there is any evidence that if defendant is guilty at all, he would only be guilty as an accomplice, or accessory or both." See Branch's P. C., Par. 2, Sec. 682 for citation of authorities.

Appeal from the District Court of Goliad County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction for theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*J. Gus Patton, Fowler & Fowler* and *H. J. Leahy* of Goliad, and *Dougherty & Dougherty* of Beeville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft of an automobile and the punishment is two years in the penitentiary.

The state's testimony shows that the appellant induced two young men in the town of Goliad to take the sheriff's car at something like four or five o'clock on the afternoon of October 28, 1924. The two witnesses to this transaction were admitted accomplices and if there is any testimony in this record corroborating theirs which tends to connect the appellant with the taking of this car, we have been unable to find it. The appellant's testimony, if true, is entirely sufficient to prove an alibi. It shows, if true, beyond question that he was not in the town of Goliad at the time the witnesses for the state claim he pointed out the car to them and told them to take it. In this condition of the record, the court gave the following charge on principals:

"All persons are principals who are guilty of acting together in the commission of an offense; and principals, whether jointly indicted or not, may be legally prosecuted as such, provided the evidence adduced against each clearly and satisfactorily establishes the guilt of each. Where an offense has been committed, the true criterion for determining who are principals is: "Did the parties act together in the commission of the offense? Was the act committed in pursuance of a common intent, and in pursuance of a previously formed design in which the minds of all united and concurred?"

If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground where the offense took place or not."

Many pertinent and proper exceptions were urged to this charge. Commenting on a charge in identically the same language as that given in this case, Mr. Branch correctly stated the rule as follows:

"The charge quoted in the preceding paragraph would be reversible error in every felony case where the defensive theory was an alibi, * * * or where there is any evidence that defendant if guilty at all would only be guilty as an accomplice or accessory or both." Par. 2, Section 682, Branch's Criminal Law for citation of many authorities supporting the rule announced.

For the errors above mentioned, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.