JOE E. CAIN V. THE STATE.

No. 19890.   Delivered November 2, 1938.
Rehearing Denied February 15, 1939.

The opinion states the case.

*King C. Haynie,* of Houston, for appellant.

*James E. Kilday,* of Houston, amicus curiae.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for robbery; the punishment assessed is confinement in the state penitentiary for a term of 8 years.

It appears from the record that on the morning of August 10, 1937, soon after the employees of the San Antonio Service Company had counted and assorted the money which it had received on the previous day and placed it in a trunk and sealed it preparatory to sending it to a bank, two men came into the office, one carrying an automatic pistol and the other a sawed-off shotgun. They commanded the employees to stick up their hands and robbed the cashier of all the money. A third man, waiting in an automobile parked nearby, assisted the men in making their escape. The trunk was subsequently recovered from the San Marcos River. Some of the money, the money bags, a 45-automatic pistol, a rifle, pistol clips, and shotgun shells were found in an abandoned automobile in the City of Austin on the following morning. One 50 cent piece, carrying certain identifying marks and the money bags were identified as those taken by the robbers. Appellant was arrested in the City of Houston and identified by Mr. Tessman as the robber who carried the automatic pistol. Lawrence McRea, who

carried a sawed-off shotgun, committed suicide in Houston to escape arrest. He was identified through a photograph as the man carrying the shotgun.

The Department of Public Safety at Austin discovered a thumb print on the clip of the automatic pistol. This print corresponded to appellant's thumb print.

Appellant's defense was that of an alibi which he supported by his own testimony and that of his kinfolks and a few friends.

His first contention is that the trial court erred in declining to instruct the jury on the law of circumstantial evidence, on the theory that appellant was not definitely identified as one of the robbers. Consequently the state's case depended on circumstantial evidence and he was entitled to a charge thereon. A most careful review of the testimony convinces us that his position is untenable. Mr. Tessman testified for the state substantially as follows: "I am employed by the San Antonio Public Service Company as a bus driver and have been with the company since August 3, 1936. On the morning of August 10, 1937, I was standing on a little platform at that hole in the partition wall talking to some of the men on the inside of the office. From where I was standing I had a view of the office. * * * The first thing that attracted my attention was when two men came walking from the side door. They came in the northeast door. One of them had in his hand an automatic pistol, the other had a shotgun. The man with the pistol walked behind the desk and started into the little room where the money was. He took the money box out through the rear door, and in doing so he was facing me * * *. This man who drug the trunk out was in my vision from the time he entered the office until he drug the trunk out the door, and I am in a position to identify him. It is this defendant, Joe Cain * * *. The second time I saw Joe Cain was two or three weeks after the robbery when he was brought out there by Mr. Klevenhagen, Mr. Carver and Mr. Heard. That was the first time I saw him after the robbery. Mr. Tom Crovens, Inspector for the San Antonio Public Service Company, took me to the jail about four days after this robbery to see another boy, but not Joe Cain. He showed me a man at the county jail. It was not Joe Cain."

It will be observed that this testimony positively identifies appellant as one of the robbers who carried the trunk containing the money to the waiting automobile in which all of them made their escape.

It is well-established in this state that if there is direct testimony from any source that the defendant committed the offense charged, or participated therein, there is direct evidence of the main fact to be proved, and the case does not altogether rest upon circumstantial evidence. In such a case a charge thereon is not required.

By bills of exceptions numbers one through eleven, inclusive, appellant complains of the testimony given by Joe Tisdale of the Department of Public Safety located at Camp Mabry in Austin, Texas, to the effect that he had made an enlarged photograph of the thumb print found on the clip of the 45-automatic pistol which the officers found in an abandoned sedan Ford Automobile on the day following the robbery. That this thumb print was compared to an enlarged thumb print of defendant's thumb, (which was also photographed) and the two proved to be the thumb of the same person. Appellant objected to said testimony on the grounds that the pistol had not been identified as belonging to him or that he had ever been in possession thereof and that it was not shown that it was the same pistol used in the alleged robbery or that he had ever been in the City of Austin. In considering these bills, we must not lose sight of the fact that in addition to the pistol found in the abandoned automobile in Austin, certain money bags and a defaced 50 cent piece were found and identified as having been part of the loot. It is our opinion that this testimony was admissible as a circumstance tending to show appellant's connection with the offense, since the officers found these articles in the same automobile where the clip with appellant's fingerprint thereon was found. It also tended to corroborate the testimony of Tessman who identified appellant as the man who had the automatic pistol in his hand while removing the trunk from the robbed premises. The objection went more to the weight of the evidence than to its admissibility. We think this testimony was pertinent and properly admitted.

The trial judge, in his qualification to these bills, states that a proper predicate had been layed for the introduction of this testimony and appellant has accepted these bills. As qualified, the bills fail to reveal reversible error.

By bills of exceptions numbers twelve and thirteen, appellant complains because the district attorney was permitted to elicit from the witness Sweetzer, the following testimony: "I know of Joe Cain working at a drug store at one time. He did not have a steady job but he worked when he could get anything to do * * *. * * I did not tell you in your office here in San Antonio that Joe Cain, a couple of years ago decided to

become a professional gambler, or that he was a 'stick man' in a gambling house."

The objection urged to the testimony was that it related to a private conversation between the witness and the district attorney and was an effort to create prejudice against him. The court qualified the bills and states that several witnesses had testified to the good character of appellant as a law-abiding citizen; that Sweetzer testified that appellant was a working man and worked whenever he could obtain employment.

We think this was legitimate cross-examination of the witness, relative to the testimony given by him on direct examination.

Appellant has urged three objections to the court's charge. As nearly as we can determine, it is appellant's contention that the trial judge did not correctly define "principals" and did not properly apply the law of principals to the facts; nor did he charge the converse thereof.

The definition of the law of principals is eminently correct. In applying the law to the facts, the court's charge reads as follows: "Under the foregoing definition, you are instructed that if you believe from the evidence beyond a reasonable doubt, that the defendant * * * acting alone or together with Lawrence Rea and Rudolph Smedley, or either of them, as principals * * * did unlawfully * * * etc."

Appellant claims that there is no evidence which justifies the instruction that he was acting with Smedley or that the three, appellant, McRea and Smedley acted together in the commission of the offense.

An examination of the record shows that there is testimony to the effect that three persons acted together in the commission of the offense. There is direct testimony that McRea was one of the robbers and that when Smedley was arrested, he took the officers to the place on the San Marcos River where they had thrown the box which contained the stolen money. The jury was justified in believing that there was concert of action among the three and the charge was, in this respect, an adequate application of the law to the facts.

Moreover, it is our opinion that a charge on principals was not required since there was testimony that appellant had the pistol and that he took the box or trunk containing the money and placed it in the waiting automobile and fled. See Durham v. State, 112 Tex. Crim. Rep., 395 (16 S. W., (2d), 1092); Hunter v. State, 119 Tex. Crim. Rep., 558; (45 S. W. (2d), 969).

Appellant's next objection is to that portion of the court's charge which reads as follows: "Under the foregoing definition, you are instructed that if you believe from the evidence, beyond a reasonable doubt, that the defendant, Joe E. Cain, either acting alone or together with Lawrence Rea and Rudolph Smedley, or either of them, as principals, as that term is hereinafter defined * * * did unlawfully and willfully, make an assault upon the person of O. Craighead, and then and there by violence and by putting in fear of life and bodily injury and by the use of firearms, to-wit, a pistol, did fraudulently take from the person and possession of the said O. Craighead, without the consent and against the will of the said O. Craighead the personal property described in the indictment * * * with the intent to appropriate the same to the use and benefit of him, the said defendant, and you further find from the evidence * * * that he used or exhibited a firearm in the commission of the offense, then you will find him guilty as charged, and assess his punishment at death, or by confinement in the penitentiary for any term not less than five years."

It seems that appellant's objection to the charge was that it charged in the conjunctive all the ways by which the offense might be committed and not in the disjunctive. This, of course, was more favorable to him than he would be entitled to under the evidence and he has no right to complain thereof. He takes the position, however, that the testimony introduced by the state fails to show that he willfully and unlawfully made an assault upon Craighead and by violence and putting in fear of life and bodily injury and by the use of firearms fraudulently took from him the money, without his consent, etc.

In the case of Kimble v. State, 12 Tex. Crim. Rep., 420, this court said: "When both grounds are relied upon, the indictment should charge that the defendant, by assault, and by violence and putting in fear of life and bodily injury, did, etc. Under this form of allegation, if either means by which the robbery was committed be proved, the conviction would be legal, because the charge covers both phases."

The charge in the instant case was in conformity to the indictment. See also Bond v. State, 20 Tex. Crim. Rep., 421.

Furthermore, we think the instruction in conjunctive form was justified by the evidence. The robbers came into the office armed with a pistol and a shotgun; they commanded Craighead, among others, to "stick 'em up" and asked where the money was. This was clearly an assault in a threatening manner with firearms and was calculated to put Craighead in fear

of life and of great bodily injury, since he knew that the probable effect of disobedience would be death or serious bodily injury. Certainly firearms exhibited in a threatening manner can be denominated a form of violence and we do not believe that it will be seriously contended that the property was taken with the consent of Craighead. Craighead testified that he permitted them to take the property because they exhibited firearms. The only reasonable conclusion to be drawn therefrom is that he was put in fear of life or great bodily injury.

Appellant cites us to the case of Powell v. State, 131 S. W., 590 in support of his contention. We have examined that case and are in thorough accord with the holding therein, but think it readily distinguishable from the instant case by its facts.

Appellant next complains because the court, in his instruction to the jury, failed to charge the converse of principals and apply the same to the facts. In our opinion, this contention is without merit. If appellant had been merely present and had not actively participated in the commission of the offense, or if his participation therein had been shown by circumstances, then a charge on the converse of principals might have been required, but not under the facts of this case inasmuch as it is shown by the state's testimony that he actively participated therein. The only defensive theory suggested by any evidence was that of an alibi and this issue was distinctly and affirmatively submitted to the jury.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion on account of the fact that the trial court, in his charge relative to principals, included therein the portion usually given relative to one's guilt who had acted with a common design and purpose with another, "whether in point of fact all were actually bodily present on the ground when the offense was actually

committed or not," and then later on in the court's charge relative to the defense of an alibi, he charged as follows: "Now if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place were the offense was committed (if committed) at the time of the commission thereof, you will find him not guilty." The appellant cites us to the Yeager case, 294 S. W. Rep. 200, and the Leahy case, 280 S. W. Rep. 812, which hold that it was confusing and contradictory to give these two different charges to the jury in a case wherein the State relied upon testimony showing the actual bodily presence of the defendant at the time of and at the scene of the alleged offense, and that under a proper exception, calling the court's attention thereto, the giving of both of such contradictory charges was error.

In this case we find the following as the only objection and exceptions to the court's charge in which it was attempted to be even remotely called to the court's attention:

"1. Defendant objects to the charge for the reason that nowhere in said charge has the court charged on the definition of the law of principals, applying the law to the facts on principals, and charged on the converse of said application of the law to the facts."

In our judgment this objection was insufficient to call the court's attention to the contradiction between his charge on principals and his charge on an alibi; and this contention will be overruled.

Appellant also complains because the court charged the jury relative to the defendant putting the person alleged to have been robbed in fear of his life by the use of firearms, to-wit: a pistol, because, as appellant alleges, the State had waived a death penalty in this instance, and such charge resulted to the prejudice of the defendant. The record contains no such waiver, nor evidence thereof, and again the facts show that the person identified as appellant carried in his hand, at the scene of the alleged offense, an automatic pistol, and the complaining witness stated that he gave up the money because of his fear of death at the hands of these two men and their firearms. We find no objection to such proof, and do not see how the court could have applied the law to the facts in any other manner. We see no error in such action by the trial court.

We find in the record a lengthy brief, by a friend of the court, which contains many matters not embraced in the record, and which can not be considered by us. We can not review this

cause on rumors, hearsay and opinion. It must stand upon the record alone, and we have patiently attempted to thus review it.

We see no reason for receding from our original opinion herein, and the motion is accordingly overruled.