Mike ORTEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 821–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1983.

On Rehearing March 14, 1984.

---

Joseph A. Connors, III, McAllen, Virginia Rodriguez, Michael A. McEnrue, Houston, counsel for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty. and Kirk Brush, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

CLINTON, Judge.

Before us on appellant's petition for discretionary review is his conviction for credit card abuse, affirmed by the Corpus Christi Court of Appeals 653 S.W.2d 825 in an opinion to be published.

On direct appeal, appellant asserted the trial court had erred by overruling his written motion to quash the indictment; that motion alleged in part that the charging instrument failed "to distinguish what he is alleged to have fraudulently obtained."

In rejecting this contention, the court of appeals correctly observed that "obtaining" property is not an essential element of the offense proscribed by V.T.C.A. Penal Code, § 32.31(b)(1)(A),[1] under which appellant was prosecuted. But the court of appeals then—without adverting to what the questioned indictment *actually* alleged—simply stated:

> "We fail to see how a description of the *property obtained by the defendant* is essential to giving him notice of the crime charged."

Whether this statement by the court of appeals is correct depends wholly upon what was alleged in the indictment: if the indictment alleged appellant actually "obtained" property, then Article 21.09, V.A.C. C.P. requires identification of that property by "name, kind, number and ownership," if known;[2] but if the indictment merely alleged the accompanying mental state[3] required by the relevant proscription—the "intent" to obtain property—then the information sought by appellant is not essential

---

**1.** "(b) A person commits an offense if:

(1) with *intent to obtain* property or service fraudulently, he presents or uses a credit card with knowledge that:

(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; ..."

V.T.C.A. Penal Code, § 32.31. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**2.** See, e.g., *Bonner v. State,* 640 S.W.2d 601 (Tex. Cr.App.1982).

**3.** See *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex.Cr. App.1983) (Opinion Concurring) which observes that an "accompanying mental state" by definition contains an intended result which is not essential to commission of the offense charged.

to notifying him of what the State claims were his culpable "acts" or "omissions." [4]

We accordingly turn to the indictment under which appellant was prosecuted; omitting the formal portions, it alleged that he did,

> "... intentionally and knowingly *with intent to fraudulently obtain property and services* from Ninfa Escobedo, did use and present a credit card, a Sears, Roebuck and Co., card Number 57 85272 08504 5, with knowledge that the card had not been issued to [him], the said Mike Ortega ... and that said card was not used with the effective consent of the cardholder, Ms. Marcella Landez."

Since it was alleged that appellant did an act accompanied by an "intent to obtain property" and not that he in fact did "obtain property," the trial court correctly overruled his exception to the indictment on the ground discussed.

Appellant's second ground for review contends there is no evidence to support the jury's finding that he used the credit card with intent to fraudulently obtain both property *and services*.[5]

In addressing this ground, the court of appeals observed that under § 32.-

31(b)(1)(A), supra, an offense is committed by using a credit card with the intent to fraudulently obtain property alone; "[t]hus, although there is no evidence that the defendant used the credit card to obtain *services*, the evidence is nevertheless sufficient to sustain his conviction for credit card abuse. We fail to see how the use of 'and services' in the indictment injured the defendant. *See Cain v. State*, 136 Tex. Cr.R. 275, 124 S.W.2d 991, 994 (1938); *Ross v. State*, 70 S.W. 543, 544 (Tex.Cr.App. 1902). A similar contention was decided adversely to the defendant's position in *Love v. State*, 627 S.W.2d 457, 458 (Tex. App.—Houston [1st Dist.] 1981, no petition filed). [Emphasis original]"

Before addressing the merits of the court of appeals determination that "there is no evidence that the defendant used the credit card to obtain *services*," we turn initially to that court's apparent reasoning that evidentiary insufficiency may be "harmless." [6]

In reaching the conclusion that the failure of proof it found here is harmless, the court of appeals relied on *Love*, supra.[7] The material facts of that case are identical to those presented here. The court of appeals in *Love*, supra, cited and paraphrased

---

**4.** See *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr. App.1981) (Opinion on Motion for Rehearing).

**5.** The jury was authorized by the trial court's instructions to convict appellant only upon finding from the evidence beyond a reasonable doubt that he did,

> "... with intent to fraudulently obtain property *and services*, from Ninfa Escobedo, present to her or use Sears, Roebuck and Company credit card, Card Number 57 85272 08504 5 that had not been issued to him, and that he did not have the effective consent of Ms. Ma Marcella Landez, the cardholder, to use the said credit card and that the Defendant, at the time he presented or used said card, if he did, knew that the said card had not been issued to him and knew that he did not have the effective consent of the cardholder to use it for obtaining property on credit, then you will find the Defendant guilty as charged."

The trial judge defined "property" in the abstract, but did not define "services." See V.T. C.A. Penal Code, § 32.01(3).

**6.** The most readily apparent harm to appellant—assuming the evidence is *not* sufficient to show an intent to obtain services—is that he has

been convicted of a crime by the jury's disregard of a proof failure; in other words, had the jury assiduously followed the court's instructions which authorized them to convict, appellant would have been acquitted.

**7.** Also cited after the introductory signal *"See"* were *Cain* and *Ross*, both supra, decided by this Court. In these cases, the appellants sought reversals on the basis of charge error arguing portions of the court's instructions should not have been submitted without evidentiary support. But neither Cain nor Ross complained of the sufficiency of the evidence to support the verdict as does the appellant here.

And, though finding the evidence *did* support the submission of the conjunctive charge in issue, the Court in *Cain*, supra, acknowledged that such a conjunctive charge was "of course, ... more favorable to [appellant] than he would be entitled...." Why such a charge has not been considered to be "more favorable" to appellant here by the court of appeals is the very question before us.

the rationale of *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975) which held:

"... [I]f *not descriptive of that which is essential to the validity of the [charging instrument],* unnecessary words or allegations may be rejected as surplusage. [Accord *Collins v. State*, 500 S.W.2d 168 (Tex.Cr.App.1973); see also *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972); *Malazzo v. State*, [165 Tex.Cr.R. 441], 308 S.W.2d 29 (1957).]

There is, however, a well recognized exception to the general rule discussed above, and that is where the unnecessary matter is *descriptive of that which is legally essential to charge a crime* it must be proven as alleged, even though needlessly stated. See 13 Texas Law Review 489 (note); 1 Branch's Ann.P.C.2d ed., Sec. 518, pp. 491–498, and cases there cited.

It is well established that where a person, place or thing *necessary to be mentioned in the indictment is described* with unnecessary particularity, all circumstances of description must be proven, *Smith v. State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and, cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State*, 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, *if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. McClure v. State*, 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956).

A review of the cases decided over the years reflects that the word 'descriptive' has not always been limited to situations where the matter modifies a noun adjec-

tively but suggests that the word has been synonymous with 'explanatory.' 13 Texas Law Review 489, 497 (note).

[It is the] law governing the exception that any matter *descriptive or explanatory of that which is legally essential to constitute the offense* cannot be treated as surplusage...."

However, in applying the foregoing principles, the court of appeals held the allegation of an intent to fraudulently obtain "services" by use of a credit card was surplusage and could be disregarded because it was "necessary only that the State allege a fraudulent intent on the part of appellant to obtain either 'property' or 'services' by use of the credit card." 627 S.W.2d at 458.

With deference, the critical inquiry is not whether the questioned allegation is *necessary to allege the offense charged* [8]—(indeed, that the allegation is *unnecessary* in that sense is a foregone conclusion, given we are in the midst of the present analysis) —but whether it *describes or explains* an essential element of the offense [9] charged. And the questioned allegation in the instant case—"... and services..." is indisputably, at a minimum, *descriptive* of the "required culpability" element of the offense charged. Unnecessary allegations which are "descriptive and explanatory of ... the intent" essential to charging the offense must be proven as alleged, even though needlessly stated, 526 S.W.2d at 804; the decision of the First Court of Appeals in *Love*, supra, was in error to hold otherwise and the court of appeals in the instant case erred in relying on *Love*, supra.[10]

---

**8.** The only things necessary to allege an offense are the "elements of an offense." See n. *9, post.*

**9.** V.T.C.A. Penal Code, § 1.07(13), provides:
   "'Element of offense' means:
   (A) the forbidden conduct;
   (B) the required culpability;
   (C) any required result; and
   (D) the negation of any exception to the offense."

**10.** Even if we agreed the questioned phrase constituted "surplusage" *in the indictment* which was unnecessary to prove, the court of appeals' reliance on *Love*, supra, would be unsound. Appropriate procedures must be pursued in order to release the State from the obligation to prove "surplusage" it has alleged:

   (1) the surplusage may be deleted under direction of the trial court before announcement of ready pursuant to Articles 28.10 and 28.11, V.A.C.C.P.; or,

We now turn to determine whether the court of appeals erred in concluding the evidence is insufficient to support the jury's verdict of guilt, which necessarily included a finding that appellant presented the credit card with "intent to fraudulently obtain services."

It is important to remember that the indictment did not charge and the jury was not required to find that appellant *actually* obtained anything; appellant's intent at the time he presented the credit card is the issue.

The evidence adduced included the original receipts which had been painstakingly filled out, completed and initialed by the salesperson before the credit transaction with appellant was completed. The testimony established appellant selected the items he wanted, deposited them on the sales counter and obtained possession of them from the Sears clerk, Ninfa Escobedo, by means of persuading her to accept the credit card and, pursuant to that acceptance, having her fill out, sign and complete the papers *necessary to a credit transaction* and having the property delivered to him. We are satisfied the evidence shows appellant *intended* fraudulently to obtain from Ninfa Escobedo, not only

"property," but also her "services" [11] which were necessary, unique and incidental to extending credit and completing the transaction, at the time he presented the credit card.

Accordingly, the judgment of the court of appeals is affirmed.

McCORMICK and MILLER, JJ., concur in result.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of credit card abuse under V.T.C.A. Penal Code, Sec. 32.-31(b)(1)(A) [1]. The jury assessed punishment at two years incarceration in the Texas Department of Corrections. On appeal to the Thirteenth Court of Appeals in Corpus Christi, appellant's conviction was affirmed. On original submission this Court upheld the judgment of the court below on appellant's petition for discretionary review. Upon rehearing, we reverse the conviction.

(2) the phrase may be expressed in the disjunctive in the court's instructions to the jury, thereby authorizing a conviction on finding evidence of *either* it *or* another that would establish the offense (and the Court has held that this may be done even upon matters of substance which are not surplusage, such as that in the instant case).

But once the phrase is incorporated into the court's instructions to the jury in such a way that the jury *must* find it *before* a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed "contrary to the law and evidence." See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as "surplusage" in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has

nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute "trial error," and the State is free to pursue another prosecution. Cf. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

11. Section 32.01(3) provides in relevant part:
" 'Services' includes:
(A) labor and professional services; * * *"

1. V.T.C.A., Sec. 32.31, in pertinent part, is as follows:
"A person commits an offense if:
"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:
"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder;
" * * * * *"

Appellant contends this Court erroneously held that the evidence was sufficient to prove that he intended to fraudulently obtain *services*[2] when he presented a credit card to a Sears & Roebuck clerk in exchange for selected items of clothing. On original submission we held that, because the salesperson filled out the required credit forms, accepted appellant's proffered card, and ultimately extended him credit, that appellant had intended to fraudulently obtain *services* as well as *property*. Upon reconsideration, we do not believe that the State proved beyond a reasonable doubt that the appellant intended to obtain services. V.T.C.A. Penal Code, Sec. 31.01(7) defines "service" as:

"(1) 'Service' includes:

"(A) *labor* and professional services;

"(B) telecommunication, public utility, and transportation service;

"(C) lodging, restaurant service, and entertainment; and

"(D) the supply of a motor vehicle or other property for use."

The Practice Commentary to V.T.C.A. Penal Code, Sec. 31.04 (1974) analyzes the definition of "service" as follows:

" 'Service' is defined broadly in Section 31.01 to include almost anything *that is ordinarily provided for compensation* but that was traditionally excluded from theft because it is not classified as 'property.' " Searcy and Patterson, Practice Commentary to V.T.C.A. Penal Code, Sec. 31.04 (1974).

While we agree that, under the facts of this case, the work done by the clerk to extend credit was "labor," see Sec. 31.01(7)(A), supra, we do not believe the evidence was sufficient to show such labor, or service, was the intended object of appellant's desire. Rather, the evidence circumstantially shows the appellant was interested only in obtaining the selected items of clothing vis-a-vis the credit card, and inferentially, the appellant had not the slightest intention of fulfilling the terms of the transaction.[3] The steps taken to extend him credit were merely incidental to the transaction.

■ We do not hold that "all" credit card transactions are excluded under Sec. 31.01(7), supra. In the instant situation, if the appellant had purchased the clothing in question and had ordered tailoring alterations, with the resultant charges being made to the victim's account, then the appellant would have obtained both property and services as contemplated by Secs. 31.01(6) and (7), respectively. None of the factors present in the instant case is per se determinative of whether appellant intended to obtain services. We therefore hold that the extension of credit, in and of itself, without further proof, does not constitute a service under Sec. 31.01(7).

The indictment alleged that appellant: "intentionally and knowingly with intent to fraudulently obtain property *and* services from NINFA ESCOBEDO, did use and present a credit card, a SEARS, ROEBUCK & CO. CARD Number 57 85272 08504 5, with knowledge that the card had not been issued to the said MIKE ORTEGA AND JANIE SAENZ and that said card was not used with the effective consent of the cardholder, Ms. MA MARCELLA LANDEZ." [4]

The application portion of the charge instructed the jury, inter alia, that if they found from the evidence beyond a reasonable doubt that appellant did, "with intent to fraudulently obtain property *and services*, * * * * * * * * present a credit card

---

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. The terms of the credit sale were, in pertinent parts, as follows:
"This purchase is made under my Sears Revolving Charge Account and Security Agreement of my Sears Charge Security Agreement or my Sears Charge Modernizing Credit Plan Security Agreement, which is incorporated herein by reference for the credit sales price consisting of the cash price plus the FINANCE CHARGE. This order is subject to the approval of the Credit Sales Department of Sears, Roebuck and Co."

4. Charges against co-defendant Janie Saenz were ultimately severed from appellant's cause.

that had not been issued to him, then they will find appellant guilty as charged."

It was proper for the State to charge appellant by alleging conjunctively that he intended to fraudulently obtain property and services, and proof of *either* would have been sufficient to convict, *Sidney v. State,* 560 S.W.2d 679 (Tex.Cr.App.1978); *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976); *Boyd v. State,* 419 S.W.2d 843 (Tex.Cr.App.1967), and it was proper for the trial court to charge the jury that a finding of either would be sufficient to convict.

■■■ However, because the charge instructed the jury that it *must* find both property *and services* before returning a guilty verdict, then it was necessary that there be sufficient proof of *both* means alleged. Otherwise, a guilty verdict would be deemed contrary to the law and the evidence.[5]

Because the evidence is insufficient to support a finding of intent to fraudulently obtain both property *and* services, the cause is reversed and a judgment of acquittal is ordered. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

TEAGUE, J., concurs in result.

---

**5.** We pause to note that Judge Clinton's analysis of the Court of Appeals opinion with regard to its reliance upon *Love v. State,* 627 S.W.2d 457 [Tex.App.—Houston [1st Dist.] 1981, no petition filed] was entirely correct. As Judge Clinton noted:

> "In sum, there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates burden placed on him by law ...."