Elisandro SENDEJO, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2-84-207-CR.

Court of Appeals of Texas, Fort Worth.

Sept. 27, 1984.

H. Thomas Hirsch, Odessa, for appellant.

Warren New, County Atty., Plains, for the State.

## OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of theft of property valued at over $200.00 and less than $10,000.00. The punishment hearing was before the court without a jury. Two enhancement counts having been proven, the court fixed the penalty at life imprisonment. Appeal has been taken alleging six grounds of error.

The judgment is affirmed.

Appellant first complains that the State relied on oral descriptions of the two handguns he took in the theft but did not offer the weapons into evidence. No authority is cited to indicate that such constitutes error and this Court knows of none. We decline to create new law and thus overrule ground of error number one.

Appellant next complains that the trial court erred in permitting witnesses to describe certain tags which were attached to the weapons when taken and when recovered. Appellant relies entirely on the "best evidence" rule. This reliance is misplaced as the best evidence rule applies to documentary evidence where the writing is to be judged on its face as governing the transaction in issue before the court. Here the tags were described to identify the weapons as being the same pistols as the two that were misappropriated because the tags were there before and after the theft. Thus the tags are not "documentary" evidence at all. Ground of error number two is overruled.

In the third and fourth grounds of error appellant complains that there was a fatal variance between the indictment and the proof since the indictment alleges "one scheme or continuing course of conduct" but no proof was submitted on this subject; and that the court failed to define "pursuant to one scheme or continuing course of conduct."

TEX.PENAL CODE ANN. Sec. 31.09 (Vernon 1974) permits the allegation and proof of two or more theft offenses in a single indictment where the incidents are "pursuant to one scheme or continuing course of conduct" and the amounts taken shall be "aggregated in determining the grade of the offense." In the instant case the prosecutor apparently added the magic words of accumulation to be sure that the minimum felony jurisdiction of $200.00 would be reached by adding the value of the pistol first removed from the display case and secreted in the thief's waistband to the value of the second pistol asportated a few minutes later in the same manner. Since either of the weapons valued out at more than the required amount, this precaution was not really necessary.

Appellant urges that since the court included the "magic words" of accumulation in its charge that the State was bound to

prove "scheme" and "continuing course of conduct" or else he should have been acquitted. This court need not choose between treating the "words" as surplusage and requiring the "words" to be proven beyond a reasonable doubt. The evidence clearly shows that at some point (either before or after entering the store) appellant conceived the "scheme" of taking the pistols in question by sticking them in his waistband *and* he undertook to carry out such scheme by a "continuing course of conduct" which unfortunately (for him) terminated in his capture by law enforcement officials. Either course we might choose will leave appellant no merit to his claim.

◼ Appellant further urges that the trial court should have provided the jury with a charge defining "pursuant to one scheme or continuing course of conduct." The only case cited for this proposition is *Watson v. State*, 548 S.W.2d 676 (Tex.Crim.App.1977). Either a casual or an intensive reading of *Watson* clearly shows that neither "scheme" nor "pursuant to a continuing course of conduct" need be defined by the trial court. These are terms of common understanding.

The third and fourth grounds of error are overruled.

◼ In grounds of error five and six appellant complains that the trial court erred in admitting pen packs which contained proof of other extraneous offenses during the punishment hearing and that the business of striking (or scratching through) the inadmissible portions of the pen packs destroyed their certificated reliability. Each of these contentions is without merit. The hearing was before the court without a jury and it is presumed that the trial court heard all objections to the pen packet material *and that* he disregarded all material not properly admitted into evidence. As to the deletion of portions of the pen packet being improper, appellant cites no authority and we find none. Grounds of error five and six are overruled.

The judgment of the trial court is affirmed.

JORDAN, J., dissents and is joined by BURDOCK, J.

JORDAN, Justice, dissenting.

I respectfully dissent.

The indictment, omitting the formal portions, alleged that appellant:

[K]nowingly and intentionally appropriate[d] property, other than real property, to-wit: Two (2) hand guns—one Smith and Wesson Model 66, Serial No. 126K279, and one Smith and Wesson Model 34–1, Serial No. M190613, without the effective consent of Dale Boulter, the owner of The Other Store, with the intent to deprive said owner of said property. Said ownership herein is that Dale Boulter had greater right of possession to the property than defendant. Said property herein is of the aggregate value of over $200.00 and less than $10,000.00, and was appropriated by defendant placing said handguns in his pants, *pursuant to one scheme or continuing course of conduct* .... (Emphasis added.)

The evidence, briefly summarized, established that appellant, while in The Other Store on May 18, 1982, removed two handguns (each valued at over $200.00) from a display case, placed them inside his pants and left the store. Moments later, when the guns were discovered missing, an off-duty police officer, who was in the store at the time, saw appellant fleeing. The officer chased and eventually apprehended appellant. Both handguns were retrieved when the officer retraced the path appellant had followed in fleeing the store.

The jury was instructed by the *application paragraph* of the court's charge, inter alia, to convict appellant only upon finding from the evidence beyond a reasonable doubt that appellant appropriated the handguns "pursuant to one scheme or continuing course of conduct". The charge did not

define this phrase although appellant timely requested a definition.

In overruling appellant's third and fourth grounds of error, the majority holds there was evidence that appellant "conceived the scheme of taking the pistols in question by sticking them in his waistband" and that "he undertook to carry out such scheme by a continuing course of conduct". This finding, in my opinion, ignores entirely the evidence which clearly shows only one offense. It also ignores the definition of the phrase "one scheme or continuing course of conduct" implicit in TEX.PENAL CODE ANN. sec. 31.09 (Vernon 1974), and the cases construing it. This statute provides:

> When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

The language of the statute, authorizing a defendant's conduct to be considered as "one offense", indicates that it is applicable only where *multiple* offenses have been committed and the State desires to aggregate the amounts obtained in such offenses. Such a conclusion is also supported by the Practice Commentary to sec. 31.09 which states, "the prosecution will have to allege and prove *each separate 'offense,'* but the value of several items can now be combined for jurisdictional and punishment purposes." (Emphasis added.) In those cases involving prosecutions under sec. 31.09, the evidence shows *multiple* thefts by the defendant which were aggregated into a single, higher-grade offense. *See e.g. Brown v. State,* 640 S.W.2d 275 (Tex.Crim.App.1982) (two misdemeanor thefts aggregated to a third-degree felony); *Oliver v. State,* 613 S.W.2d 270 (Tex.Crim. App.1979) (two misdemeanor thefts aggregated to one third-degree felony); *Cashion v. State,* 657 S.W.2d 517 (Tex.App.—Corpus Christi 1983, pet. ref'd) (eleven third-degree felony offenses aggregated to one

second-degree felony). It seems a necessary conclusion from the statute itself and the cases prosecuted thereunder that proof of an allegation that amounts were obtained "pursuant to one scheme or continuing course of conduct" requires proof that *multiple thefts* were committed.

The evidence in the case before us established that appellant stole two handguns taking both from the same owner at the same location, at the same time. In short, the evidence established only the commission of a *single* offense.

The application paragraph of the charge, however, required the jury to find that appellant appropriated the handguns pursuant to "one scheme or continuing course of conduct", making it necessary that there be sufficient proof of such a scheme or course of conduct. *See Ortega v. State,* 668 S.W.2d 701, 707 (Tex.Crim.App.1984). As previously discussed, such proof of necessity requires proof of multiple offenses. Otherwise, the guilty verdict under the charge must be deemed contrary to the law and the evidence. *Id.*

The majority opinion speculates as to the reason for adding the language of sec. 31.09 and proceeds to state that it makes no difference whether that language is considered surplusage or requires proof of "one scheme or a continuing course of conduct". I disagree with that postulation. Regardless of the reason for adding this language to the charge, once it was inserted, the State was bound to offer proof of multiple offenses. This it did not, and could not do. The Court of Criminal Appeals has said:

> "[T]here is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates [the] burden placed on him by law ...." *Ortega v. State,* 668 S.W.2d at 707.

The State did not request that the phrase in question be stricken from the court's charge. Thus, it was incumbent on the State to produce evidence on this element of the application paragraph. Given the fact that this element revealed only a single offense, the jury's verdict must be deemed contrary to the law and the evidence.

Inasmuch as the evidence was insufficient to support the finding that appellant's conduct was committed pursuant to "one scheme or continuing course of conduct", I would reverse and order a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1979).