**Wilbert Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–033–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 9, 1989.

Discretionary Review Refused
Feb. 14, 1990.

John F. Carrigan, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

In a single point of error, Wilbert Lee Williams contends the evidence presented at trial was insufficient to support his conviction for murder. Because we find the evidence insufficient to support the verdict of guilty, based on the charge as given to the jury, we reverse the trial court's judgment and enter an order of acquittal.

The evidence presented at trial establishes that appellant was upset with Wilbert Turk and Robert Channel because he believed Turk was responsible for the burglary of his mother's home. Appellant confronted Channel and a number of other persons on a Friday night, accusing them of involvement in the break in and threatening to "get" them.

The following day, appellant, accompanied by another person, confronted Turk, Channel and a number of other people who were playing dominoes in the back yard of a neighborhood residence. Appellant approached the table, shouted a threat and began firing his gun; the person accompanying appellant was also firing a weapon. Appellant claimed that Robert Channel was returning appellant's gun fire. When the shooting stopped, Wilbert Turk lay wounded and Lottie Mitchell was dead.

Appellant introduced evidence that he never had any intention of doing harm to Lottie Mitchell, and that she was, in fact, a very good friend of his. The state, in its brief, concedes that "Ms. Mitchell was apparently an unintended victim in the shooting."

At the close of the evidence, the jury received the case. The trial court, in the abstract portion of the jury charge, included the following instruction on transferred intent:

> A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that: (1) a different offense was committed; or (2) a different person or property was injured, harmed, or otherwise affected.

The theory of transferred intent was not, however, applied to the facts of the case in the application paragraph. The state did not object to the absence of the theory of transferred intent in the application portion of the charge.

On appeal, Williams contends that because the trial court did not include the theory of transferred intent in the application paragraph of the jury charge, the state accepted the higher burden of proving that he actually intended to do harm to Lottie Mitchell. He further contends that the evidence introduced at trial is insufficient to meet this higher burden because there was no testimony that he intended to shoot Ms. Mitchell. Based on the discussion which follows, we must agree with appellant.

The Texas Court of Criminal Appeals has previously addressed the question of whether the theory of transferred intent must appear in both the abstract and application portions of the jury charge. *See Garrett v. State,* 749 S.W.2d 784 (Tex. Crim.App.1986). In *Garrett,* the facts were strikingly similar to those presented by the instant case. The state charged Garrett with knowingly causing the death of his victim, Betty Lynn Bennett. *Id.* at 788. The evidence presented at trial supported Garrett's argument that while he did intend to shoot someone, Bennett was

not his intended victim. *Id.* at 790. The theory of transferred intent appeared in the abstract portion of the jury charge but was absent from the application paragraph, with no objection from the state. *Id.* at 788. Based on these facts, the court held that the state had accepted the higher burden of proof of showing that Garrett *knowingly* caused the death of Bennett because the abstract charge on transferred intent was not sufficient to put that theory before the jury. The court stated "[i]f it [the state] did not wish to shoulder this particular burden of proof it was incumbent upon the state to bring the discrepancy to the attention of the trial court for correction...." *Id.* at 788–789. Finding no evidence to support a verdict that Garrett knowingly caused the death of the deceased, the court remanded the cause to the trial court for entry of a judgment of acquittal. *Id.* at 795.

The state contends, and we agree, that the *Garrett* decision contradicts established case law concerning jury charges. Texas courts have long recognized that on appeal, the sufficiency of the evidence must be measured against the jury charge viewed in its entirety. *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Crim.App.1984); *Ortega v. State,* 668 S.W.2d 701, 707 (Tex. Crim.App.1983) (Op. on Reh'g); *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Crim.App. 1982) (Opinion on State's Second Motion For Rehearing), *cert. denied* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.E.2d 372 (1984). The *Garrett* court recognized this line of cases and stated that its decision in *Garrett* did not restrict a measurement of the sufficiency of the evidence to a sole consideration of the application paragraph of the jury charge. *Garrett, supra* at 802 (Opinion on Motion For Rehearing). Despite this statement, however, the court maintained its finding that the presence of the theory of transferred intent in the abstract portion of the jury charge was not sufficient to put the theory before the jury. *Id.*

Apparently recognizing the inconsistency present in the decision, and concerned about the impact of the decision on future cases, the *Garrett* court restricted its decision to "the law of the case." *Id.* at 803 n.

2. Unfortunately, because of the striking similarity between the factual situations in *Garrett* and the instant case, we are unable to distinguish *Garrett* as at least one other Texas court has done. *See Jones v. State,* 774 S.W.2d 7 (Tex.App.—Dallas 1989, pet. granted). While we disagree with the court's reasoning in *Garrett,* as an intermediate court we must follow it as existing precedential case law.

Accordingly, we reverse the judgment of the trial court and enter an order of acquittal of appellant Williams.