**Paul Norman PRIVETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–1111–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 15, 1990.

Dougal C. Pope, Houston, for appellant.

Thomas Rodriguez, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of aggravated robbery and assessed punishment, enhanced by two prior convictions, at imprisonment for ninety-nine years. Appellant brings twenty-two points of error. However, for the purpose of this appeal we find it necessary to address only appellant's second point. We reverse and acquit.

On November 22, 1988, a Stop-n-Go in League City, Galveston County, Texas was robbed. Appellant and another man were arrested for the robbery. The record reflects that the other man was the person in the store during the robbery, while appellant waited outside by an orange Pinto. During trial the clerk of the Stop-n-Go, Virginia Howard, testified that she identified the man in the store and this man later became known to her as "Grimmet." She was not able to identify the appellant. Later testimony by police officers also refers to the man who was in the store as "Grimmet" or "Mr. Grimmet." Mr. Grimmet did not appear or testify at the trial of appellant. At no time during the trial was "Grimmet" or "Mr. Grimmet" referred to or identified by his full name.

The Appellant was tried and convicted as a party to the offense under V.T.C.A., Penal Code, 7.01(c). In the application portion of the court's charge to the jury, the court instructed the jury:

Now if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of November, 1988, in Galveston County, Texas, *Robert Walker Grimmet* did then and there intentionally, while in the course of committing theft of property and with intent to obtain or maintain control of said property by using or exhibiting a deadly weapon, to-wit: a handgun intentionally or knowingly threaten or place Virginia Howard in fear of imminent bodily injury and death, and that the defendant, Paul Norman Privett, did then and there, with intent to promote or assist the commission of said aggravated robbery by furnishing him with an automobile with which to make his escape, then you will find the defendant Paul Norman Privett guilty of aggravated robbery as charged in the indictment. (emphasis supplied).

In his second point of error appellant argues there was insufficient evidence for the jury to find beyond a reasonable doubt that Robert Walker Grimmet committed the offense of aggravated robbery as required by the charge to the jury. Further, it was necessary for the jury to so find before it could find appellant guilty as a party to that offense. Appellant argues there was absolutely no evidence presented

to the jury that the "Grimmet" referred to by the witnesses or either counsel was the Robert Walker Grimmet named in the court's charge. We agree.

V.A.C.C.P., Art. 36.13 states:

Unless otherwise provided by this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby.

It is incumbent on the jury to follow the instructions contained in the court's charge. When the jury does not follow such instructions and convicts, the defendant is denied the most basic due process due him under the law. The Court of Criminal Appeals has held that once a phrase is incorporated into the court's instructions to the jury so that the jury must find it before it can find the defendant guilty, it must be proved or the verdict will be contrary to the law and evidence. *Ortega v. State*, 668 S.W.2d 701, 705, fn. 10 (Tex.Crim.App. 1983). The Court further held that there is no such thing as "surplusage" in the part of the court's charge which authorizes the jury to convict the defendant. *Id.*

■ The "Grimmet" referred to at trial and the "Robert Walker Grimmet" in the court's charge may very well have been and likely was the same person. However, no evidence was adduced at trial to enable the jury to make such a finding. The court instructed the jury that it must find that *Robert Walker Grimmet* committed the offense of aggravated robbery before it could find that appellant was guilty as a party to the offense. Under the *Ortega* standard, "Robert Walker" cannot be considered surplus, for there can be no surplus in the charge. In light of the evidence produced at trial it was impossible for the jury to find that Robert Walker Grimmet committed the offense because there was no evidence that a Robert Walker Grimmet was involved. Thus, appellant was convicted of a crime by the jury's disregard of a proof failure, that is, if the jury had assiduously followed the court's instructions, appellant would have been acquitted.

■ The remedy for such a discrepancy between the proof at trial and the court's charge lies at the feet of the prosecutor. If the prosecutor believes that the charge unnecessarily increases his burden of proof, it is incumbent upon him to request a charge which correctly allocates the burden placed on him by the law. *Id.* In this case the prosecutor chose not to avail himself of the remedy provided by the Court of Criminal Appeals in *Ortega*. He could have requested that the court strike "Robert Walker" from the charge, but he did not. Thus, when the jury returned a verdict of guilt, that verdict was contrary to the law and the evidence, and this denied the appellant the basic rights due him under the law. Appellant's second point of error is sustained.

Sustaining appellant's second point of error is dispositive of the case. We have examined appellant's other points of error and find them to be without merit. They are overruled. The conviction is reversed and the court below is directed to enter a judgment of acquittal.

J. CURTISS BROWN, Chief Justice, dissenting.

The case before us brings to my mind an adage: "broad rules make bad law." This case amply demonstrates the truth contained in such a saying.

In this instance, two innocuous words were added to the jury charge. These words, "Robert Walker", had nothing to do with the offense with which appellant was charged. The words were, as pointed out by the majority, surplusage. BLACK'S LAW DICTIONARY defines surplusage as:

Extraneous, impertinent, superfluous, or unnecessary matter.

Thus, it is impossible for me to see how something superfluous or unnecessary can require this court to acquit an appellant who has been tried and convicted by a jury of his peers. But then the reason rears its ugly head; the Court of Criminal Appeals in *Ortega* created an expansive rule: "... there is no such thing as 'surplusage' in the charge." *Ortega v. State*, 668 S.W.2d 701, 705, fn. 10 (Tex.Crim.App.1983). Such a broad rule imparts injustice and inequity.

There can be no doubt that the jury knew the "Grimmet" referred to in the charge was the same "Grimmet" referred to during the testimony at trial. It would be absurd to contend that the inclusion or exclusion of the words "Robert Walker" in any way affected the jury's deliberation or ultimate verdict as to the appellant. This is not a case where several persons named "Grimmet" were involved in the incident. There was only one "Grimmet" referred to during trial. Whether his name was "Robert Walker Grimmet" or "John Doe Grimmet" is a distinction without a difference in this case. The jury only heard about one "Grimmet."

However, because the Court of Criminal Appeals has imposed a blanket rule as to the charge, the majority felt compelled to follow it and thereby acquit the appellant. I feel no such compulsion. It is my opinion that the Court of Criminal Appeals should re-examine its ruling in *Ortega* and limit the "surplusage" rule to situations where some harm from the inclusion of extraneous words can be shown. To permit this broad rule to stand as it is gives too much attention to technical form and not enough attention to the substantive facts of the case.