cr3-410 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00410-CR







Brian Haun, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0932120, HONORABLE JON N. WISSER, JUDGE PRESIDING








 Following a bench trial, appellant Brian Haun was found guilty of criminal mischief
as a Class B misdemeanor and sentenced to sixty days in jail, probated for one year, and a $500
fine. Act of May 29, 1989, 71st Leg., R.S., ch. 1253, § 1, 1989 Tex. Gen. Laws 5055, 5055
(Tex. Penal Code Ann. § 28.03(b)(2), since amended) (hereinafter "former section 28.03(b)(2)"). 
Appellant appeals by six points of error. We will affirm the judgment.



BACKGROUND


 Appellant and Raye Carole Witt both lived in Witt's house. In the early morning
hours of March 26, 1992, appellant and Witt had an argument. Witt left the house through the
front door; while Witt was on the sidewalk in front of her house, appellant either accidentally or
intentionally broke the window in Witt's front door. Witt then got into her truck and heard a
large thump on her windshield. Witt did not know it at the time, but appellant, from the front
porch of Witt's house, had thrown her eight-week-old kitten against the hood of her truck. The
kitten, later found by Witt on her driveway with the insides of its mouth hanging out, died within
a few hours of the impact. When Witt drove away from her house, appellant followed her in a
rental car. Witt claimed at trial that appellant dented and damaged her truck by bumping it with
the car he was driving. 

 Appellant's indictment charged him with "intentionally and knowingly damag[ing]
tangible property, to wit: one (1) motor vehicle and (1) door, without the effective consent" of
Witt, the owner, causing pecuniary loss to Witt of more that $750 but less than $20,000. The
damage to Witt's car was estimated at $619.99 and $795.71. The damage to Witt's door to her
house was estimated at $163.20 and $146.25. However, appellant was convicted of the Class B
misdemeanor offense of criminal mischief, which required pecuniary losses between $20 and
$200. Former section 28.03(b)(2). Appellant appeals his conviction.



DISCUSSION


 In his third, fourth, fifth, and sixth points of error, appellant argues that the trial
court erred by not directing a verdict for him and by not acquitting him because the evidence was
legally and factually insufficient to support a finding that appellant damaged the door with the
required mental culpability, and to support the conviction for Class B criminal mischief. (1) When
reviewing the legal sufficiency of the evidence in support of a criminal conviction, the court must
determine whether the record evidence could reasonably support a finding of guilt beyond a
reasonable doubt. The question is not whether the appellate court believes the evidence at trial
established guilt beyond a reasonable doubt. Instead, the appropriate inquiry is whether any
rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 

 The appellate courts in Texas disagree as to the appropriateness of an appellate
court conducting a factual sufficiency review of a criminal conviction. Compare Clewis v. State,
876 S.W.2d 428 (Tex. App.--Dallas 1994, pet. granted) (holding that Jackson standard of review
is sole standard for appellate review of sufficiency of evidence to establish elements of a criminal
offense) with White v. State, 890 S.W.2d 131 (Tex. App.--Texarkana 1994, pet. filed) (concluding
factual sufficiency review in criminal cases within authority of appellate courts and reversing for
new trial based on factually insufficient evidence to support jury's finding of guilty). This Court
has held that appellate courts have such jurisdiction. See Stone v. State, 823 S.W.2d 375 (Tex.
App.--Austin 1992, pet. ref'd untimely filed) (holding that in conducting such a review, the
appellate court reviews all of the evidence equally and should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust). See also
Bigby v. State, 892 S.W.2d 864 (Tex. Crim. App. 1994) (recognizing authority and applying
factual sufficiency review to an affirmative defense). Even with the authority to conduct a factual
sufficiency review, we recognize that as a practical matter, the records will be few in which the
evidence is sufficient to prove guilt beyond a reasonable doubt but at the same time is factually
insufficient. 

 While it is undisputed that appellant broke the oval window in Witt's front door,
appellant asserts the evidence is insufficient to prove that he intentionally or knowingly damaged
the window as the State contends. (2) The record indicates that Witt did not see appellant break the
window but only heard glass breaking. Appellant testified that he accidentally broke the window
as he rushed to the front door to follow Witt outside; he pulled the door open with his right hand
so fast that it slipped out of his hand. He then heard the sound of glass breaking.

 Proof of culpable mental state usually relies on circumstantial evidence. Castellano
v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.). "Intent can be inferred from
the acts, words, and conduct of the accused." Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim.
App. 1982). Reconciliation of conflicting evidence is the trier of fact's function. Bowden v.
State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). As such, the trier of fact judges the
credibility of the witnesses and the weight to be given their testimony. Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979). The trial court, sitting as trier of fact, may accept or reject all or
part of the testimony given by the witnesses. Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim.
App. 1980) (on motion for rehearing). 

 The record indicates that appellant and Witt argued. Following Witt out of her
house, appellant broke the glass window in Witt's front door and threw a small kitten against her
car with such force that the kitten died within a few hours. Appellant testified that he simply
tossed the kitten on the hood of Witt's truck so that Witt would see it and take it with her. 
Appellant, in a rental car, then pursued Witt, who drove away from her house in her truck.

 Applying the appropriate standards of review, we conclude that the evidence is
sufficient to support a finding that appellant intentionally or knowingly broke the window of
Witt's front door. Intent to break the window can be inferred from appellant's argumentative state
and his act of forcefully throwing the kitten towards Witt's truck immediately after the window
was broken. The evidence is thus also sufficient to support appellant's conviction for the Class
B grade of the offense of criminal mischief. We overrule appellant's third, fourth, fifth, and sixth
points of error. 

 In his first point of error, appellant complains that the trial court committed
reversible error by failing to quash the indictment because it failed to state the acts or omissions
appellant allegedly had committed and thus did not afford him the notice required by due process
and due course of law. Appellant complains that he had no notice as to the manner or means by
which he allegedly damaged the door and the vehicle and as to whether he was accused of
committing one or two acts of criminal mischief. Appellant argues that the lack of notice
prevented him from preparing a proper defense. 

 The State responds that even assuming arguendo that the trial court erred in
denying the motion to quash, appellant suffered no harm requiring reversal. See Adams v. State,
707 S.W.2d 900, 903 (Tex. Crim. App. 1986). We agree. Any harm appellant may have
suffered from lack of notice was ameliorated by a delay following the first day of trial. On the
first day of trial, the court heard Witt's testimony about damages to her truck and front door, and
about how she believed the damages were attributable to appellant's intentional or knowing
actions. The trial reconvened more than two weeks later; during the interim period, appellant had
opportunity to remedy any defect in trial preparation from lack of notice. Cf. Tex. Code Crim.
Proc. Ann. § 27.11 (West 1989) (allowing defendant ten days after arrest to file written
pleadings); see also Rent v. State, 771 S.W.2d 723, 726 (Tex. App.--Dallas 1989), aff'd, 838
S.W.2d 548 (Tex. Crim. App. 1990) (noting Article 28.10(a) of Code of Criminal Procedure
gives defendant ten days "to familiarize himself with the charges against him so that he may
respond to those charges appropriately" and holding defendant entitled to ten days from date of
amended information before put to trial). In addition, before trial even began, appellant
acknowledged in a motion to sever that he believed two or more offenses of criminal mischief
were charged in the indictment. We overrule appellant's first point of error.

 Appellant complains in his second point of error that the trial court committed
reversible error when it did not sever, upon timely objection, the two separate acts of criminal
mischief charged in the indictment because the acts were two separate offenses. Appellant
contends that even if aggregation of the offenses may have been appropriate to invoke the
jurisdiction of the court, the trial court erred by failing to sever upon appellant's timely request. 
 Appellant's contention on appeal differs from that raised in his motion to sever. 
Appellant contends on appeal that the indictment charges him with two separate acts not part of
the same transaction, thereby making severance mandatory upon request. By contrast, appellant
argued in his motion to sever that there was simply no authority to aggregate criminal mischief
offenses. Since appellant's contention on appeal differs from that at trial, any error is waived. 
Tex. R. App. P. 52(a); see Holland v. State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991).

 In any event, severance is proper when two or more offenses have been
consolidated for trial, not when only one offense is charged. Tex. Penal Code Ann. § 3.04 (West
1994). Separate acts of criminal mischief may be considered one offense if the damage to the
different property items occurs pursuant to a continuing course of conduct. Id. § 28.03(e). The
phrase "pursuant to a continuing course of conduct" is one of common understanding. Sendejo
v. State, 676 S.W.2d 454, 456 (Tex. App.--Fort Worth 1984, no pet.). If a defendant acts about
the same time or even on separate occasions with a single design, impulse, or purpose, he has
acted pursuant to a continuing course of conduct. Pena v. State, 422 S.W.2d 937, 939 (Tex.
Crim. App. 1968), overruled on other grounds, Lehman v. State, 792 S.W.2d 82 (Tex. Crim.
App. 1990) (referring to proof required under former larceny statute for aggregation of individual
misdemeanor thefts into one felony theft). Appellant's separate acts of damage, all induced by
his argument with Witt, occurred within a few hours. We conclude appellant's acts were
committed during a continuing course of conduct involving appellant and Witt. As such,
appellant's acts of damage to property can properly be considered one offense of criminal mischief
under section 28.03(e) of the Penal Code and are not subject to a motion to sever. We overrule
appellant's second point of error. 

 Having overruled all six of appellant's points of error, we affirm the trial court's
judgment of conviction.




 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 3, 1995

Do Not Publish 

1.   For purposes of these four points of error, both appellant and the State assume that
appellant's conviction for the Class B grade of the offense of criminal mischief impliedly
acquitted him of charges for damage to Witt's vehicle even though the judgment does not
indicate this. We do not express an opinion on this assumption but only address
appellant's points of error as presented to us. 
2.   Section 6.03 of the Penal Code defines intentionally and knowingly:


 (a) A person acts intentionally, or with intent, with respect to the
nature of his conduct or to a result of his conduct when it is his conscious
objective or desire to engage in the conduct or cause the result.

 

 (b) A person acts knowingly, or with knowledge, with respect to the
nature of his conduct or to circumstances surrounding his conduct when he is
aware of the nature of his conduct or that the circumstances exist. A person
acts knowingly, or with knowledge, with respect to a result of his conduct
when he is aware that his conduct is reasonably certain to cause the result.



Tex. Penal Code Ann. § 6.03 (West 1994). Because the Code amendments effective
September 1, 1994, have no substantive effect on § 6.03, we cite the current Code for sake
of convenience.