Sergio Lazaro **CASSANOVA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–85–286CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Jack B. Zimmerman, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III and Patrick Shelton, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for possession of a controlled substance, namely cocaine. The trial court assessed punishment for ten years confinement at the Texas Department of Corrections, probated for ten years and a $1,000.00 fine. We affirm.

On July 9, 1984, Detective John Stamper of the Harris County Sheriff's Department Narcotics Division received a tip from Detective John Sexton who works for the Montgomery County Sheriff's Department Organized Crime Unit. Detective Sexton relayed information received from an un-named confidential informant. Based on this information Detective Stamper obtained a search warrant for appellant's house. As a result of the search a quantity of cocaine was seized and appellant was subsequently arrested and convicted. The trial court denied his motion to suppress the evidence seized from his house.

In his first ground of error, appellant attacks the validity of the search warrant. He argues that the affidavit in support of the search warrant was based on uncorroborated double hearsay information from an unnamed confidential informant, which did not give rise to probable cause. He relies on the Fourth Amendment of the United States Constitution and on art. 1, sec. 9 of the Texas Constitution.

We will utilize the "totality of the circumstances" analysis to decide whether the affidavit was sufficient to establish probable cause as required by the United States and Texas Constitutions. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *see Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App.1985); *Vasquez v. State,* 699 S.W.2d 294 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

It should be noted that hearsay-upon-hearsay may be utilized to show probable cause as long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level. *Hennessy v. State,* 660 S.W.2d 87, 91 (Tex.Crim.App.1983). The gravamen of appellant's argument is the lack of corroboration of the information supplied by the informant. *See Illinois v. Gates, supra; Whaley v. State, supra; Correll v. State,* 696 S.W.2d 297 (Tex.App.—Fort Worth 1985, no pet.).

No corroboration of the informant's information was needed. The affidavit established the credibility of the informant by noting that he had given information on several previous occasions which had proven to be true and correct concerning narcotic law violations. *Avery v. State,* 545 S.W.2d 803 (Tex.Crim.App.1977); *Elliott v. State,* 687 S.W.2d 359 (Tex.Crim.App.1985);

*See Clayton v. State*, 652 S.W.2d 950 (Tex. Crim.App.1983). And the affidavit showed that the act or event upon which probable cause was based occurred within a reasonable time before making of the affidavit. *Gonzales v. State*, 577 S.W.2d 226, 228 (Tex.Crim.App.1979), *cert. denied*, 444 U.S. 853, 100 S.Ct. 109, 62 L.Ed.2d 71 (1979).

■ The credibility of the information passed by Detective Stamper to Detective Sexton is established by Stamper's status as a law enforcement officer. Observations by other officers in an investigation can constitute a reliable basis for issuing a warrant. *See United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Gish v. State*, 606 S.W.2d 883 (Tex. Crim.App.1980). Appellant's first ground of error is overruled.

Appellant's second ground of error concerns statements in the affidavit which he alleges were made with knowing falsity or a reckless disregard for the truth. The affidavit complained of is as follows:

On July 9, 1984, I, Detective J. Stamper, of the Harris County Sheriff's Department, Narcotics Division, received information from Detective J. Sexton, who is employed with the Montgomery County Sheriff's Department, Organized Crime Unit that SERGIO CASANOVA, Mexican Male, approximately 28 years of age, approximately 5′ 10″ tall, 165 lbs., short brown hair, brown eyes, was in possession of a quantity of cocaine at his residence located at 18531 Andalusian Dr., Harris County, Texas.

Upon talking to Detective Sexton he stated to me that his confidential source had been in the residence within the past twenty-four hours and while in the residence he observed in the possession of the afore-mentioned SERGIO CASANOVA a quantity of white powdery substance which SERGIO CASANOVA stated to the source was cocaine that he was going to sell. Detective Sexton further advised this Detective that the confidential source advised him that he had seen cocaine on numerous occasions in the past and does believe that the white pow-

dery substance shown to him by SERGIO CASANOVA was cocaine. The confidential source also stated that he had seen person or persons unknown to him purchasing cocaine in the afore-mentioned residence on several occasions.

This same credible, reliable, and confidential source has given information on several previous occasions to Detective J. Sexton which has proven to be true and correct concerning narcotic law violators and has lead to three arrests.

It is believed and I do believe that the afore-mentioned SERGIO CASANOVA is using, concealing, and selling cocaine in and from the afore-described location contrary to the provisions of the laws of the State of Texas.

The appellant argues that the third paragraph of the affidavit misled the issuing magistrate. His argument is based on Stamper's failure to note that the information came from Sexton. The impression is given that Stamper is vouching for the reliability of the informant based on his personal knowledge, when, in fact, the reliability was based on Sexton's personal knowledge. We do not agree.

■ The affidavit in question should be interpreted in a common sense and realistic manner and interpretations of a hyper-technical nature should be avoided. *United States v. Ventresca*, 380 U.S. at 109, 85 S.Ct. at 746. The magistrate was entitled to draw reasonable inferences from the facts contained in the affidavit. *Winkles v. State*, 634 S.W.2d 289, 298 (Tex.Crim.App. 1982) (dissenting opinion, adopted as opinion of the Court on rehearing). By looking at the four corners of the affidavit the magistrate was not misled. The first two paragraphs were sufficient to put the magistrate on notice that the information contained therein was based on information that Stamper received from Sexton.

■ Appellant also argues that certain information contained in the second paragraph is false and the use of this information constituted a reckless disregard for the truth. Testimony was presented which

contradicted the information obtained from the informant. Even if the trial court had concluded that information from the confidential informant was false, appellant produced no evidence that the affiant knowingly, intentionally or with reckless disregard placed false assertions in the affidavit. *See Taylor v. State,* 604 S.W.2d 175, 178 (Tex.Crim.App.1978); *Hennessy v. State,* 660 S.W.2d 87, 92 (Tex.Crim.App. 1983). Appellant is not entitled to have those statements deleted under the rule established in *Frank v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The second ground of error is overruled.

Appellant's third ground of error is predicated on our finding that the affidavit in question did not establish probable cause for a search. Since the affidavit was sufficient to establish probable cause this ground of error is without merit and is overruled.

Accordingly, the judgment of the trial court is affirmed.