**Araceli Lopez CASTRO and Juan Ernesto Castro, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. B14–90–686–CR, B14–90–689–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 1991.

Rehearing Overruled July 18, 1991.

**638**

Francisco G. Medina, Houston, for appellants.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellants, Araceli Lopez Castro and Juan Ernesto Castro, appeal their judgments of conviction for the offense of possession of marijuana in a useable quantity of more than two hundred pounds and less than two thousand pounds. The jury rejected their not guilty pleas and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for twelve years plus a fine of fifteen thousand dollars. We reverse the trial court's judgment and remand the cause for entry of a judgment of acquittal.

Appellants bring two points of error on appeal. They assert that the evidence was insufficient 1) to sustain their conviction because the State failed to prove that they intentionally and knowingly possessed marijuana and 2) to support their conviction as the jury charge instructed the jury that it must find from the evidence that the State's exhibit introduced into evidence was marijuana and the marijuana was never introduced into evidence.

Viewed in the light most favorable to the verdict, the evidence showed the following: The facts in this cause are somewhat complicated because the incriminating circumstances transpired over a period of several hours. Based on information from an unnamed informant, Federal and Texas peace officers established surveillance on a house located at 16135 Queensdale and on a brown Ford pickup truck and horse trailer parked at a west Houston Hotel on February 4, 1990. The Castros left the house on Queensdale and drove to the hotel in a red Chevrolet pickup truck, arriving there around 11:40 a.m. Codefendant Gerardo Sanchez left the residence a few minutes after the Castros and did not return until after the Castros had come and gone with the horse trailer.

The Castros went inside the hotel for a period of time, then came out and got in the brown Ford pickup truck with the horse trailer attached. They drove the brown pickup truck and horse trailer back to the house on Queensdale. Mr. Castro backed

the trailer up to the garage door. He then entered the trailer and unloaded a few bales of hay. He then started handing items out to Mrs. Castro and Mrs. Sanchez. These items were described as "blue bundles or blue bags, but large enough that they had to be carried with two arms." When the Castros and Mrs. Sanchez finished unloading the trailer, the bales of hay were placed back in the trailer, and the Castros then drove away in the brown Ford truck and trailer. They returned to the house in the red Chevrolet pickup truck. The Castros and Mr. and Mrs. Sanchez later left and were arrested at separate locations.

The officers obtained a search warrant for the house on Queensdale from a district judge and executed the warrant around 6:00 p.m. that day. An odor which the officers recognized as that of marijuana permeated the house. In a bedroom of the house the officers found around twelve torn, discarded blue bags. The police also found twenty-seven large plastic garbage bags containing what was believed to be marijuana. Some scales of the type commonly used to weigh marijuana were found in the same room. A chemist's analysis confirmed the officers' belief that the material in the garbage bags was marijuana, the amount being in excess of seven hundred pounds.

In their first point of error appellants assert that the evidence was insufficient to sustain their conviction because the State failed to prove appellants intentionally and knowingly possessed marijuana.

■ In order to establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Humason v. State,* 728 S.W.2d 363, 364 (Tex.Crim.App. 1987). In order to support a conviction, the evidence is viewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v.*

*Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989). We must take each case and review the entire body of evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler v. State, supra* at 239.

■ We find that viewed in the light most favorable to the verdict, the evidence supported the thesis that the marijuana found in the house at 6 p.m. was in the horse trailer, probably hidden under some bales of hay, and that the Castros brought the marijuana to the house in the trailer and knew that they possessed marijuana. Appellants' first point of error is overruled.

■ In their second point of error appellants assert that there is insufficient evidence to support their convictions as the jury charge instructed the jury that it must find from the evidence that the exhibit introduced into evidence by the State was marijuana and the marijuana was never introduced into evidence. We agree and will sustain their second point of error.

State's witness Carolyn King Gamble, a drug section supervisor for The Houston Police Department Crime Laboratory, testified that as part of her job she maintained care, custody, and control of the business records kept by the Houston Police Department Crime Laboratory. Officer Fred Wood submitted to her twenty-seven dark brown plastic bags on February 4, 1990. The weight of these dark brown plastic bags was approximately 334.8 kilograms or approximately 736.5 pounds.

The substance inside the plastic bags was tested by Mark Sealy. The result of his test was positive for marijuana. State's exhibits twenty two (22) and twenty three (23) were admitted into evidence. The two exhibits were photographs of the chemist with the bags that allegedly contained the plant substance. The marijuana itself was never introduced into evidence by the State.

■ Appellants contention is that the evidence is insufficient to support the convic-

tion because the marijuana was not introduced into evidence, and the trial Court's charge contained the following instruction:

> Before you would be warranted in convicting the defendant *you must find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence by the State is marijuana* and you must also find beyond a reasonable doubt that the defendant voluntarily had the same in her possession and that she knew the substance was marijuana. (Emphasis added).

The state did not object to this charge. The charge placed the burden on the State to produce an exhibit in evidence that the jury could have found beyond a reasonable doubt was marijuana. Since no marijuana was offered, the evidence is insufficient to support a conviction. *Arceneaux v. State,* 803 S.W.2d 267 (Tex.Crim.App.1990). *Arceneaux* further holds that once such instruction is incorporated into the jury charge, the State has the burden of either objecting to the instruction, requesting a modification to the charge, or proving the substantive fact therein. In appellants' trial the State took no such action.

In *Ortega v. State,* 668 S.W.2d 701 (Tex. Crim.App.1983). The court observed that the concept of surplusage cannot logically be extended to that part of the jury charge which authorizes a conviction:

> But once the phrase is incorporated into the court's instructions to the jury in such a way that the jury must find it before a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed 'contrary to the law and evidence.' See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portions of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record re-

flects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict because of the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution. *Ortega v. State,* 668 S.W.2d at 704–05, note 10.

Under the *Ortega* rationale, the litmus test is not whether an instruction concerns an "element" of proof. Instead, the appellate court must look to the charge to determine whether the part at issue is one which "authorizes a conviction." If that question is answered in the affirmative, the particular portion of the charge at issue is not "surplusage." While it will usually follow that authorization for conviction appears in the application paragraph of a typical instruction, wording of the other abstract portion of the charge may also authorize the trier of fact to reach or not reach the ultimate issue in a case. As noted the jury in the instant case was given the following instruction just before the application portion of the charge:

> Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence by the State is marijuana.

The wording of the instruction is both specific and clear. Before the jury was authorized to convict the appellants it was required to find from the evidence introduced during trial that the "exhibit" was marijuana. We cannot agree that the instruction was surplusage, regardless of the fact the prosecution was not required under the circumstances to introduce the actual controlled substance in the first place. *See Lake v. State,* 577 S.W.2d 245 (Tex.Crim. App.1979). [defendant could be convicted of possession of heroin even though substance was destroyed before trial, where proper chain of custody proven and no showing of bad faith on State's part.]

Under *Ortega*, once the instruction, "correct" in terms of the sufficiency rationale of *Jackson v. Virginia*, supra, was incorporated into the charge in such a manner as to require the jury to find the State had introduced marijuana into evidence before it could render a verdict of guilt, the State was put to the burden of either objecting to the instruction, requesting a modification of the one submitted, or proving the substantive fact therein. Since no marijuana was introduced, the State clearly did not meet its burden of production. Nor did the State object to insertion of this irregular instruction. Based upon the prosecutor's own inaction, the State was held to a higher level of proof than necessary, and the burden was not met in this case. The verdict of guilt in the case is therefore contrary to the law and evidence and must be set aside. Appellants' second point of error is sustained and this judgment of the trial Court is reversed and the cause is remanded to the trial Court for entry of a judgment of acquittal.