Gerardo Concepcion SANCHEZ
and Maria Elena Sanchez,
Appellants,

v.

The STATE of Texas, Appellee.

Nos. B14–90–00683–CR,
B14–90–00690–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 20, 1992.

Frumencio Reyes, Jr., Thomas Rodriguez, Houston, for appellants.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Gerardo Concepcion Sanchez and Maria Elena Sanchez, husband and wife, are appealing from their judgments of conviction for the offense of possession of more than two hundred and less than two thousand pounds of marijuana. Gerardo Sanchez was sentenced to thirty-five years in prison and assessed a fine of thirty-five thousand dollars. Maria Elena Sanchez was sentenced to fifteen years in prison and assessed a fine of five thousand dollars.

In their separate appeals, appellants raise two points of error in common. These include the following points: (1) that the trial court erred in overruling appellants' motions to suppress evidence and (2) that the evidence was insufficient to support their convictions. On these latter points of error we reverse the convictions and order the trial court to acquit both appellants.

Gerardo Sanchez asserts two additional points of error including the assertion that the evidence is insufficient to support his conviction since the state failed to prove that Gerardo possessed the marijuana and that the trial court erred in overruling his objection to the improper argument by the prosecutor. We overrule Gerardo's two additional points of error.

The underlying facts which control both appeals focus on a surveillance operation which was undertaken by the combined law enforcement efforts of Texas and Federal officers. The officers received a tip from a confidential informant regarding a large quantity of marijuana. Based on this information the officers began surveillance on February 4, 1990 of a brown Ford pickup truck and horse trailer parked at a west Houston hotel and a residence at 16135 Queensdale. The informant told the officers that an unknown person was to pick up the truck and trailer and take it to an unknown location. At 11:40 a.m. the Castros, two of the appellants' co-defendants in the trial court, driving a red Chevrolet pickup arrived at the hotel, left the Chevrolet pickup there, and drove the Ford pickup and trailer to 16135 Queensdale. Before the Ford pickup and horse trailer arrived at the residence, Gerardo Sanchez left the house. Maria Sanchez remained at the house while Gerardo was gone. Before Gerardo Sanchez returned to the house, the Castros and Maria Sanchez had unloaded several blue bags from the trailer. After

the trailer was unloaded, the Castros drove the brown truck and trailer back to the west Houston hotel. Then they drove back to the Queensdale house in the red pickup. Two hours later Mr. Sanchez returned and entered the house. The next activity observed was Mrs. Sanchez moving the car her husband was driving so the Castros could leave. Shortly after the Castros left, Mr. and Mrs. Sanchez got in their car and drove to a nearby barbecue restaurant. At this restaurant appellants were arrested and detained while the officers executed the search warrant at the Queensdale residence. The officers searched the premises and found seven hundred pounds of marijuana, scales commonly used to weigh marijuana, and torn discarded blue bags. The officers testified that the marijuana had been placed in large dark-colored garbage bags, and that there was a strong odor of marijuana in the entire house.

■■■ Each appellant's first point of error alleges that the trial court erred in denying their respective motions to suppress the contraband found during the search. The appellants claim that there was not sufficient probable cause to support the issuance of the search warrant. The issuance of the warrant was based on the affidavit filed by Officer M.E. Tandy of the Texas Department of Public Safety. Appellants attack the affidavit because it failed to state the basis for the informant's belief that the marijuana could be found at the residence. Affidavits in support of search warrants are to be tested and interpreted in a commonsense and realistic fashion and interpretations of a hypertechnical nature should be avoided. *Cassanova v. State,* 707 S.W.2d 708 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The totality of the circumstances standard is applied to test the finding of probable cause by a magistrate prior to the issuance of a search warrant. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In *Gates,* the affidavit did not recite the basis for the informant's belief. Based on the corroboration by the officer's independent investigation and all of the circumstances

involved there was enough evidence to support a finding of probable cause. In this case, the officer's surveillance and investigation corroborated the information given by the informant. The officers also trusted this informant and received reliable information from him on several occasions. The court of criminal appeals has explained that reasonable inferences may be drawn from the facts and circumstances contained within the four corners of an affidavit. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex. Crim.App.1986). The Supreme Court has made it clear that when it is difficult to determine whether probable cause exists in an affidavit, doubtful or marginal cases should be determined by the preference accorded to warrants. *United States v. Ventresca,* 380 U.S. at 109, 85 S.Ct. at 746. Under the totality of circumstances presented here the affidavit in combination with the investigative corroboration present sufficient evidence to support the finding of probable cause.

■■ The trial court's findings of fact regarding the motion to suppress will not be disturbed on appeal absent an abuse of discretion. *Freeman v. State,* 723 S.W.2d 727 (Tex.Crim.App.1986). The appellants have not shown that the trial court abused its discretion in failing to grant the motion to suppress. The only grounds given in support of the motion focus on the fact that the fruits of the search of the house are inadmissible. Appellants assert that the contraband found in the house is inadmissible because the affidavit considered in the finding of probable cause was defective. It has already been found that under the totality of the circumstances test there is enough evidence to establish probable cause for the issuance of the search warrant. The trial court would be justified in denying the motion to suppress based on this ground. Thus if the search warrant was valid the fruits of the search are admissible in evidence. Appellants have failed to demonstrate any abuse of discretion by the trial court. The first point of error of each appellant is overruled.

Appellants assert as their second point of error that there is insufficient evidence to

support the jury's verdict. This is based on the charge given to the jury. The wording required the jury to find that the state introduced marijuana at trial. The state did not do this. We agree with appellant and on this point reverse the judgment of conviction.

■ The State presented Carolyn King Gamble, a drug section supervisor for the Houston Police Department Crime Laboratory, to testify about the marijuana recovered from 15135 Queensdale. She testified that as part of her job she maintained care, custody, and control of the business records kept by the Houston Police Department Crime Laboratory. She explained that on February 4, 1990, Officer Fred Wood brought to the lab twenty-seven dark brown plastic bags which were tested. The weight of these bags was 736.5 pounds or 334.8 kilograms. The tests conducted by the laboratory showed that the substance in the bags was marijuana. At trial, the state introduced the pictures taken by the laboratory personnel of the bags, but the marijuana itself was not introduced.

The appellants argue that the evidence is insufficient to support the convictions because the marijuana was not introduced into evidence. The trial court's charge in Maria's case contained the following instruction:

> Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence by the State is marijuana and you must also find beyond a reasonable doubt that the defendant voluntarily had the same in her possession and that she knew the substance was marijuana.

An identical charge was given in Gerardo's case, applying to his possession of the marijuana. The state did not object to these charges. Each charge placed the burden on the state to produce an exhibit in evidence that the jury could have found beyond a reasonable doubt was marijuana. Since no marijuana was admitted, the evidence adduced at trial was insufficient to support a conviction. *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Crim.App.1990). *Ar-*

*ceneaux* places the burden of either objecting to the instruction, requesting a modification to the charge, or proving the substantive fact therein. The state in this case failed to take any action. This court has been faced with this same instruction in *Castro v. State*, 812 S.W.2d 637 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd.). The *Castro* case involved the appellants' co-defendants. All defendants in the trial court were tried together. The same jury charge was given in *Castro*.

■ This court reversed the conviction in *Castro* on this same ground and ordered an acquittal. This court rejected the argument by the state that the language in the charge was surplusage based on the holding in *Ortega v. State*, 668 S.W.2d 701 (Tex.Crim.App.1983). In *Ortega* the court of criminal appeals held that surplusage cannot logically extend to that part of the jury charge which authorizes conviction. The test from *Ortega* which is to applied by the appellate court is whether the part at issue is one which authorizes a conviction. In this case it is clear that the portion of the charge at issue authorizes conviction and as such is not surplusage. The wording of the charge is clear and specific as in *Castro*. The jury was required to find that the state's exhibit was marijuana beyond a reasonable doubt. The state did not introduce marijuana at the trial, object to the instruction or request a modification of the instruction introduced. Based on this inaction the State was held to a higher level of proof than necessary, and the burden was not met in this case. The second point of error of each appellant is sustained.

■ Appellant Gerardo Sanchez presents the next two additional points of error. His third point of error challenges the sufficiency of the evidence to prove that he possessed the marijuana. The standard of review to be employed in judging the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);

*Blankenship v. State,* 780 S.W.2d 198 (Tex. Crim.App.1989) "An appellate court is not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes the evidence established the element in contention beyond a reasonable doubt; rather, the appellate court is to ask whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt." *Blankenship, supra* at 207. *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990) (en banc).

 There was sufficient evidence presented which showed that Gerardo Sanchez lived at the Queensdale house. His car license tags were registered at this address. A Southwestern Bell phone bill was also found in the house which bore his name and the address of 16135 Queensdale. Sanchez's wife and children were staying in the house, and appellant's wife was a participant in the unloading of the marijuana. He also had and used a key to gain access to the house. Sanchez came and went from the house on the day of the surveillance. In *Brown v. State,* 807 S.W.2d 615 (Tex.App.—Houston [14th Dist.] 1991, no pet.), this court found the fact that appellant resides at the location where the contraband is found and the fact that he is closely related to a person in joint possession of the contraband is enough to link him to the possession of the drugs. This is true even if he is not present at the time the drugs are brought to the premises or discovered by police. In this case Gerardo arrived back at the house after the drugs were unloaded. When the police officers began their search of the premises the smell of marijuana permeated the entire house. There was enough evidence that Gerardo was familiar with the smell of marijuana to show that it would have been evident to him that it was in the house. From all of this evidence it is clear that a trier of fact could have rationally found beyond a reasonable doubt that Gerardo Sanchez was in possession of the marijuana.

Gerardo Sanchez's fourth point of error addresses the trial court's failure to sustain defense counsel's objection to the prosecutor's closing argument. We overrule this point of error.

 This error was not preserved for review on appeal. When an objection to closing argument is overruled a three step process must be followed in order to preserve error. The party who was overruled on the objection is required to (1) make an objection; (2) request an instruction to disregard be given to the jury; and (3) move for a mistrial. *Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App.1982); *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Crim.App. 1975); and *Bacon v. State,* 762 S.W.2d 653 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Gerardo Sanchez failed to preserve any error that might have been made by the trial court with regard to the closing argument. In this case, the appellant did not request that an instruction to disregard be given or move for a mistrial. This point of error is overruled.

The judgment of conviction of both appellants is reversed and this cause is remanded to the trial court for entry of a judgment of acquittal.