**Otis Bernard DODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00859–CR.**

Court of Appeals of Texas, Houston (1st Dist.)

July 7, 1988.

Janet Seymour Morrow, Burnett & Morrow, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Kathy Giannaula, Asst. Dist. Atty. Harris County, for appellee.

Before JACK SMITH, DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of possession of cocaine weighing less than 28 grams, and the trial court assessed his punishment at 26 years confinement.

In his sole point of error, appellant contends that the "dynamite" or *Allen*[1] charge given to the jury by the trial court was so coercive that it denied appellant due process of law and trial by jury.

After both sides presented vastly different evidence of what had occurred, the jury deliberated for 50 minutes, broke for lunch, and then deliberated an additional 85 minutes. A note was then delivered stating: "We, the jury, cannot reach a unanimous verdict regarding this case."

The trial court gave the following written instruction:

*Members of the jury:*

*Your foreman has advised the Court in writing that you are apparently unable to reach a unanimous verdict.*

*Should this jury after a reasonable length of time find itself unable to arrive at a unanimous verdict, the indictment in this case will still be pending. It is reasonable to assume that this case will be tried again before another jury at some future time. Any such jury will be impaneled in the same way this jury has been impaneled, and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you and there is no reason to hope that another jury will find those questions any easier to decide than you have found them.*

*Jurors have a duty to consult with one another to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment. Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors. In the course of deliberations, a juror should not hesitate to re-examine his own views and change his opinion if convinced it is erroneous. No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.*

*With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict which is acceptable to all members of the jury.*

This charge was signed by the defense counsel to indicate his approval. The jury continued deliberations for another 110 minutes and reached a verdict of "guilty."

Appellant argues that the charge was coercive because of its references to future juries and future evidence. He contends that a retrial of the case might be vastly different, and there might be no retrial.

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

Thus, appellant argues that statements that the jury will hear the "same evidence" and decide the "same questions" as another jury on a retrial are untrue and misleading.

The State contends that appellant has waived any complaints regarding the charge because defense counsel signed the charge "approved." We agree. Moreover, appellant has not alleged that the instruction was so coercive as to render jury misconduct likely or demonstrated that jury misconduct, in fact, occurred. This is required in the absence of an objection. *Calicult v. State*, 503 S.W.2d 574, 576 n. 3 (Tex.Crim.App.1974); *Golden v. State*, 89 Tex.Crim.R. 525, 232 S.W. 813 (1921).

We further note that the particular language used was not as coercive as that disapproved in *Griffith v. State*, 686 S.W. 2d 331 (Tex.App.—Houston [1st Dist.] 1985, no pet.), but more resembled the language used in *Love v. State*, 627 S.W.2d 457 (Tex. App.—Houston [1st Dist.] 1981, no pet.).

The United States Supreme Court stated in *Lowenfield v. Phelps*, 108 S.Ct. 546, 551 (1988), that "[t]he continuing validity of this Court's observations in *Allen* are beyond dispute, and they apply with even greater force in a case such as this, where the charge given, in contrast to the so-called 'traditional *Allen* charge,' does not speak specifically to the minority jurors." The charge here did not speak to minority jurors and contained a cautionary instruction that reduced its coercive potential. *Griffith v. State*, 686 S.W.2d at 333.

Appellant's point of error is overruled.

The judgment is affirmed.