NUMBER 13-98-462-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RICHARD ROLL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 94th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Richard Roll, was indicted for intoxication manslaughter
after the motorcycle he was driving slammed into a parked vehicle,
ejecting and killing his passenger. After a one-day trial, the jury
deliberated about eight hours before sending out a note indicating they
were unable to reach a unanimous verdict "at this time." After
conferring with both trial counsel, the trial court gave the jury an Allen
or "dynamite" charge designed to explain the consequences of failure
to reach a verdict. Allen v. United States, 164 U.S. 492, 501 (1896). 
The jury found appellant guilty of the offense of intoxication
manslaughter, and the trial court assessed his punishment at ten years'
imprisonment, a $2,000 fine, and restitution of the victim's funeral and
medical expenses. The sentence was suspended and appellant was
placed on community supervision for ten years. As a condition of his
community supervision, appellant was ordered to pay his fine and
restitution. By three issues, appellant contends: (1) the trial court
committed reversible error by submitting an Allen charge to the jury in
violation of statutory procedure; (2) the Allen charge given was so
improper as to coerce the jury and deny him a fair trial; and (3) he
received ineffective assistance of counsel.

 In his first issue, appellant contends the giving of the Allen charge
violated article 36.16 of the code of criminal procedure because none of
the three conditions set out in article 36.16 was present:

After the argument begins no further charge shall
be given to the jury unless required by the
improper argument of counsel or the request of
the jury, or unless the judge shall, in his
discretion, permit the introduction of other
testimony[.]


Tex. Code Crim Proc. Ann. art. 36.19 (Vernon 1981). 

 Appellant objected to the Allen charge based on its possible
coercive effect on the lone holdout juror, and on the possible inaccuracy
of the Allen charge statement that a second jury would likely hear the
same evidence, but he did not specifically raise article 36.16 as the
basis for his objection. Appellant contends that his objection to the
Allen charge being given "in the first place"(1) constitutes an objection
based on article 36.16. However, a careful reading of the record shows
that trial counsel was referring to his previous objection to the possible
coercive effect on a lone holdout juror, which already had been
overruled. He then objected to the charge because he had just learned
from appellant that there could be two new witnesses if a new trial
were held. Thus, a specific article 36.16 objection to the Allen charge
was never raised at trial.

 To preserve jury charge error, the defendant's objection must be
specific and clear enough to apprise the trial court of the nature of the
objection. Tex. Code Crim. Proc. Ann. art. 36.14; Tex. R. App. P.
33.1(a)(1)(A); Pennington v. State, 687 S.W.2d 387, 390 (Tex. Crim.
App. 1985); Williams v. State, 930 S.W.2d 898, 902 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). If a specific objection to an Allen
charge is not raised at trial, it is not preserved for appeal. Calicult v.
State, 503 S.W.2d 574, 576 n. 3 (Tex. Crim. App. 1974); Loving v.
State, 947 S.W.2d 615, 619 (Tex. App.--Austin 1997, no pet.); Duc Vu
v. State, 750 S.W.2d 8, 9 (Tex. App.--Texarkana 1988, pet. ref'd).

 We hold appellant did not properly preserve this issue for appeal
by making a timely objection at trial. Appellant's first issue is overruled.

 In his second issue, appellant contends the Allen charge was so
improper that it coerced the jury and denied him a fair and impartial
trial.

 The Allen charge is an accepted part of both federal and Texas
jurisprudence. Lowenfeld v. Phelps, 484 U.S. 231, 237 (1988); Howard
v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). An Allen charge
may be improperly coercive to holdout jurors by its very language, but
an instruction will constitute reversible error only if, on its face, it is so
improper as to render jury misconduct likely, or jury misconduct is
demonstrated to have occurred in fact. Love v. State, 909 S.W.2d 930,
936 (Tex. App.--El Paso 1995, pet. ref'd); Davis v. State, 709 S.W.2d
288, 291 (Tex. App.--Corpus Christi 1986, pet. ref'd). The following
Allen charge was given to the jury:

 If this jury, after a reasonable length of time finds itself
unable to arrive at a unanimous verdict, it will be necessary
for the Court to declare a mistrial and discharge the jury.


 The indictment will still be pending, and it is
reasonable to assume that the case will be tried again before
another jury at some future time. Any such future jury will
be empanelled in the same way this jury has been
empanelled, and will likely hear the same evidence which
has been presented to this jury. The questions to be
determined by that jury will be the same as the questions
confronting you and there is no reason to hope that the next
jury will find those questions any easier to decide than you
have found them.


 With this additional instruction, you are instructed to
continue deliberations in an effort to arrive at a verdict which
is acceptable to all members of the jury.


 Texas courts have found this exact Allen charge not coercive on
its face. See Arrevalo v. State, 489 S.W.2d 569, 571 (Tex. Crim. App.
1973); Rodela v. State, 666 S.W.2d 652, 652-53 (Tex. App.--Corpus
Christi 1984, pet. ref'd). A supplemental charge which suggests that
all jurors reevaluate their opinions in the face of disparate viewpoints
cannot be said to be coercive on its face. Howard, 941 S.W.2d at 123. 
We conclude the charge is not coercive on its face. We find no evidence
in the record showing that the jury was in fact coerced by the charge.(2) 

 An Allen charge may also be coercive when taken in the overall
context of the jury deliberation. Id. Thus, we are required to examine
closely the history of the jury deliberation in this case.

Trial Begins 08/11/98, morning 


Jury deliberation Begins 08/12/98 at 4:45 p.m.

 

Note # 1 08/12/98, 4:45 p.m. Can we possibly
get some soft drinks?


Note # 2 08/12/98, 5:20 p.m. We need an
extension cord.


Note # 3 08/12/98 6:30 p.m. Could we have
the transcript of Mr. Rolls [sic]
testimony from today?


Court (in writing): In response to your question, the
Texas Code of Criminal
Procedure provides the
following: "If the jury disagrees
as to the statement of any
witness, they may have read to
them from the Court Reporter's
notes that part of such witness'
testimony or the particular point
in dispute, and no other." In
accordance with the Rule, you
are instructed that a request to
have the court reporter's notes
read cannot be complied with
unless the jury disagrees as to
the statement of the witness. 
Therefore, it will be necessary for
you to certify that you are in
disagreement as to the
statement of a witness, and you
should request that part of the
witness' statement on the point
in dispute, and only on that point
which is in dispute.

 [Signed by judge]

Please continue your deliberations or
advice [sic] if you wish to recess for
the evening. 


Note # 4 08/12/98, 7:30 p.m. We need Dr.
Garriot's testimony read as to the
Defendant's blood level alcohol
content at the time of the Accit [sic].


Court (in writing) 7:40 p.m. The parties agree that
Dr. Garriot testified that the
defendant's blood alcohol level at
the time of the accident was
estimated to be between .07 and
.08. (Initialed by both counsel.)


Note # 5 08/12/98, 7:50 p.m. At this time the
jury is not in total agreement. We are
asking for a recess for the day and to
return to deliberation tommorow [sic]
at 9 am. We the jury.

 [Signed by foreperson]

It is very very hot in the jury room in
more than one way.


Court (in open court): Ladies and gentlemen of the jury,
the Court has received your
notes, and I appreciate the note. 
I wish I could do something
about the air conditioning in
there, but they shut it down. It
was beyond my control, so I
apologize for that. The other
heat I can do nothing about, but
I do appreciate your note. [Court
recessed until 9:00 next day.]


Deliberation resumes: 08/13/98, 9:00 a.m. 


Note # 6 08/13/98, 9:15 a.m. 1. Were there
two separate viles [sic] of blood drawn
and what times were they drawn? 2.
Is Dr. Garriat's [sic] testimony
considered fact or evidence or an
opinion?


Court (in writing) 9:35 a.m. You are the exclusive
Judges of the facts proven by
the evidence presented, if any. 
Please re-read the Courts'
Charge and continue your
deliberations.


Note # 7 08/13/98, 10:20 a.m. There was
testimony given by the first officer on
the scene and the MMC Hospital lab
tech regarding drawing of lab samples
at different times. Question: Did
CCPD take a blood sample at 3:00 am 
and did the MMC Hospital lab tech
testify that a separate blood sample
was taken at 3:11 am, or was the first
blood sample taken at 3:00 am divided
up for both parties?


Court (in writing): (Repeats same instruction above
regarding certification of a jury
disagreement before reading back of
testimony is allowed.)

AND

In response to your question, you
must determine this case upon the
evidence which you have heard and
the exhibits which have been admitted
into evidence during the trial.


Note # 8: 08/13/98, 11:30 a.m. In order to be
more specific as to our request for
testimony, we need a complete list of
witnesses for this case.


Court (in writing) 11:45 a.m. (Provides complete
list of witnesses. List is initialed
by both counsel.)


Note # 9 08/13/98, 1:15 p.m. Witness: Jerome
Edward Varney Testimony: As to the
no. of blood samples taken. Point of
Dispute: How many viles [sic] of blood
did he (Mr.Varney) drew [sic] and
what time were they taken? We the
jury certify that we are in
disagreement on this question.


Court: (Court summoned the jury to the
courtroom and had the court reporter
read back the relevant testimony.)


Note # 10 08/13/98, 2:00 p.m. We the jury are
unable to come to a unanimous
agreement on a verdict. We have one
and a half jurors, who have what they
feel is reasonable doubt on two areas
of evidence. By the courts [sic]
charge, we are at an impass [sic] and
are unable to continue.


Court (in writing): Please continue to deliberate.


Note # 11 08/13/98, 3:00 p.m. One of the jurors
has requested that the deliberation be
halted as he feels that his mind will
not be changed. We are still unable to
unanimously come to a verdict at this
time.


Court: Receives and files note at 3:24 p.m. 
Summons both counsel. Defense
moves for mistrial on grounds of
coercion. State argues there has been
progress in the last hour and requests
Allen charge. Motion for mistrial
denied. Defense objects to proposed
modified Allen charge on ground that
evidence in a new trial could be
different. Defendant has just informed
him of two new witnesses he could
call if there is a new trial. "Modified"
Allen charge given.


Note # 12 08/13/98, 3:45 p.m. The jury request
a 1 hour recess. Please! At which
time we will continue to deliberate.


Court (in writing) 3:57 p.m. You may recess for 20
minutes and then continue your
deliberations.


Note # 13 03/13/98, 5:50 p.m. We the jury have
reached a unanimous decision.


Verdict: Guilty of Intoxication Manslaughter


Appellant made no motion to have the jury polled. A motion for leave
to file an out of time motion for new trial was denied.

 This jury deliberated nearly twelve hours and sent out twelve
notes before reaching a verdict. The history set out above clearly
shows a jury continuing to struggle with the evidence and issues in a
meaningful way. The first deadlock note (Note # 10) reports "one and
a half jurors" with reasonable doubt. The second deadlock note (Note
# 11) just one hour later reports only one juror unwilling to continue
deliberating because "he feels his mind will not be changed," implying
that there is now only one "holdout" who feels there could be
reasonable doubt. This is when the Allen charge was given. The next
note (Note # 12) requests a recess, but indicates the jury is now willing
to continue deliberations. The guilty verdict was reached more than
two hours after the Allen charge was given.

 Appellate courts have reviewed a number of factors in determining
whether a certain Allen charge was coercive in its context.

1. Whether the court requested information about how
the jury was split.


This was held to be impermissibly coercive in Brasfield v. United States,
272 U.S. 448, 449 (1926). Appellant relies on United States v. Sae-Chua, 725 F.2d 530 (9th Cir. 1984), in which the jury informed the
judge on its own initiative that it was split eleven to one. He then
polled each individual juror as to whether they thought additional
deliberations would result in a verdict. The Ninth Circuit found this
impermissibly coercive because the holdout juror was aware the judge
knew he was the holdout and could reasonably infer that the Allen
charge was directed to him personally. Id. at 531-32. However, in
United States v. Ajiboye, 961 F.2d 892, 894 (9th Cir. 1992), the Ninth
Circuit re-examined Sae-Chua and held that where the numerical split
is volunteered, but the holdout juror's identity is not known to the court,
no juror could feel that the Allen charge is directed at him personally,
and thus there can be no coercion. Id. at 894. In Howard, the Texas
Court of Criminal Appeals held that where the trial court did not directly
address the minority jurors and did not shade the instruction with
coercive nuance, there was no reversible error merely because the court
inadvertently learned the numeric division of the jury. Howard, 941
S.W.2d at 124; see also, Hollie v. State, 967 S.W.2d 516, 522 (Tex.
App.--Fort Worth 1998, pet. ref'd) (trial court's unsolicited knowledge
as to numerical split of jurors did not render Allen charge coercive);
Odom v. State, 682 S.W.2d 445, 449 (Tex. App.--Fort Worth 1984, pet.
ref'd) (jury foreman's volunteering the numerical split did not preclude
trial court from giving Allen charge). This is clearly the case here. The
jury volunteered that they were split 11-1, but the court had no way of
knowing which juror was the holdout. Therefore, there can be no
coercion in this respect. 

2. That the trial court gave the Allen charge only once. 
Ajiboye, 961 F.2d at 894.


Here, the Allen charge was given only once.


3. Whether the jury deliberated only briefly after the Allen
charge was given. Ajiboye, 961 F2d at 894; Davis v.
State, 709 S.W.2d 288, 291 (Tex. App.--Corpus Christi
1986, pet. ref'd).


 In the instant case, the jury deliberated approximately nine and
one-half hours, received the Allen charge, and then deliberated at least
another two hours before reaching the guilty verdict. We hold that the
jury did not deliberate "only briefly" after the Allen charge was given.

4. The jury asked for some testimony to be read back after
the Allen charge was given. Ajiboye, 961 F.2d at 894. 



That did not happen in this case.


5. The charge included a cautionary instruction that an
honest view as to the weight and effect of the evidence
should not be surrendered. Id.; Howard, 941 S.W.2d
at 123-34; Garza v. State, 974 S.W.2d 251, 256 (Tex.
App.--San Antonio 1998, pet. ref'd); Odom, 682
S.W.2d at 449; Dodd v. State, 753 S.W.2d 519, 520
(Tex. App.--Houston [1st Dist.] 1988, no pet.).


 Here, the requisite cautionary language is present. The Allen
charge instructed the jury to "continue deliberations in an effort to arrive
at a verdict which is acceptable to all members of the jury."

6. Whether the charge was a comment on the evidence. 
Hollie, 967 S.W.2d at 523; Arrevalo, 489 S.W.2d at
571.


 The Allen charge in this case cannot be seen as a comment on the
weight of the evidence.

7. Whether the charge spoke directly to the minority
jurors. Allen, 164 U.S. at 501; Howard, 941 S.W.2d at
123-34; Hollie, 967 S.W.2d at 522-23; Dodd, 753
S.W.2d at 520.


 This Allen charge does not directly address the minority jurors.

 After reviewing the enumerated factors in the context of the
history of the jury deliberation, we hold the Allen charge given to the
jurors in this case was not coercive. Appellant's second issue is
overruled.

 In his third issue, appellant contends he received ineffective
assistance of counsel because his trial counsel failed to object to the
Allen charge based on article 36.16, his purported absence during parts
of the deliberation, and his failure to poll the jury after the verdict.

 Claims of ineffective assistance are analyzed under the rule set
forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by
Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). The
appellant must show that: (1) his trial counsel's performance was not
reasonably effective, falling below an objective standard of
reasonableness under the prevailing professional norms, and (2) a
reasonable probability this deficient performance prejudiced or harmed
him. Strickland, 466 U.S. at 694; Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994); Washington v. State, 771 S.W.2d 537, 545
(Tex. Crim. App. 1989). The reasonably effective assistance standard
does not mean errorless counsel. Ex parte Felton, 815 S.W.2d 733, 735
(Tex. Crim. App. 1991); Hernandez v. State, 799 S.W.2d 507, 508 (Tex.
App--Corpus Christi 1991, pet. ref'd). "A reasonable probability" means
"a probability sufficient to undermine confidence in the outcome." 
Strickland, 466 U.S. at 694; Ex parte Walker, 777 S.W.2d 427, 430 (Tex.
Crim. App. 1989). A showing of deficiency requires a demonstration
that the trial counsel made errors so serious that he was not functioning
as the counsel guaranteed a defendant under the Sixth Amendment; the
prejudice element requires a showing that the trial counsel's errors
were so serious as to deprive the defendant of a fair trial: one whose
result is reliable. Strickland, 466 U.S. at 687. The appellant bears the
burden of showing why both prongs of this test must be answered in
the affirmative. Jackson, 877 S.W.2d at 771 (citing Strickland, 466
U.S. at 689).

 The totality of the representation is evaluated from counsel's
perspective at trial, not his isolated acts or omissions in hindsight. Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Wilkerson
v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986); Mayhue v. State,
969 S.W.2d 503, 510 (Tex. App.--Austin 1998, no pet.). There is a
strong presumption that the defense counsel's conduct falls within the
wide range of reasonable, professional assistance, and that the
challenged action might be considered sound trial strategy, and the
appellant bears the burden of overcoming this presumption. Jackson,
877 S.W.2d at 771. 

 Texas courts have held that trial counsel is not ineffective for
failing to object to an Allen charge that is not coercive. Jones v. State,
986 S.W.2d 358, 362 (Tex. App.--Beaumont 1999, pet. ref'd ); Clark v.
State, 952 S.W.2d 882, 888 (Tex. App.--Beaumont 1997, no pet.). 
Therefore, even if appellant's trial counsel had made no objection at all
to the Allen charge given here, his representation would not be deemed
ineffective on this basis. Likewise, the representation was not
ineffective because the trial counsel failed to object to the Allen charge
on every conceivable basis. Furthermore, as Texas courts have long
approved the giving of non-coercive Allen charges, it would be against
the great weight of the case law to hold that article 36.16 prohibits the
giving of such charges, or that a trial counsel was ineffective for failing
to object to an Allen charge. At any rate, the only possible objection
that could be made about this Allen charge under article 36.16 is that
it was not given in response to a "request of the jury." However, the
last jury note sent out before the giving of the Allen charge can
reasonably be interpreted as a request for further guidance from the trial
judge. We hold appellant's trial counsel was not ineffective for failing
to object to the Allen charge on the basis that it violated Texas Code of
Criminal Procedure article 36.16.

 The trial counsel's absence during portions of the jury deliberation
is not clear from the record. He was present at the Allen charge
conference, and his initials appear on the judge's written responses to
Notes 4 and 8. Because no evidence of any absences by appellant's
trial counsel during jury deliberation is properly before us, we do not
reach the issue of whether this could render appellant's assistance
ineffective.

 As to trial counsel's failure to poll the jury after the guilty verdict
was announced, appellant has not adduced any evidence required by
Strickland and Jackson to overcome the presumption that the trial
counsel's action was within the wide realm of reasonable professional
assistance. To quote Justice Baird's concurring opinion in Jackson, 

As a general rule, one should not raise an issue of ineffective
assistance of counsel on direct appeal . . . because a trial
record is generally insufficient to address claims of
ineffective assistance of counsel in light of the "strong
presumption the [trial] counsel's conduct falls within the
wide range of reasonable professional assistance". . . [A]
record focused on the conduct of trial or appellate counsel
should be developed. Such a record is generally best
developed in the context of a hearing held in relation to an
application for writ of habeas corpus. . . . One may also
develop such a record at the hearing on a motion for new
trial . . .[but] in most cases this will be impractical because
the time constraints for filing a motion for new trial . . . do
not provide for adequate investigation. Further, the trial
record will generally not be transcribed, and, therefore,
unavailable for preparation for and use at the motion for new
trial hearing. 


Jackson, 877 S.W.2d at 772. After reviewing the entire record before
us, we find that appellant's trial counsel made pretrial motions, actively
participated in voir dire, vigorously cross-examined the state's
witnesses, and made a number of objections, including several to the
complained-of Allen charge. Accordingly, we hold appellant did not
receive ineffective assistance of counsel. We overrule appellant's third
issue.

 

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. Appellant's Counsel: "Your Honor, I have an objection to the Court reading the
charge, in the first place; but if the Court is going to read that charge, I have a specific
objection to make to the charge the Court is prepared to read. I've had a chance to
review it, and I would like to make a specific objection to it." 
2. Under Texas Rule of Evidence 606(b), which became applicable to criminal
cases for the first time on March 1, 1998 and was in effect at the time of this trial,
jurors are no longer competent to testify about anything occurring during the
deliberative process except as to outside influences brought to bear on the jury or to
rebut a claim that a juror was not qualified to serve. See Hines v. State, 3 S.W.3d
618, 621 (Tex. App.--Texarkana 1999, pet. ref'd). Therefore, a juror affidavit
concerning the coerciveness of an Allen charge will not be admitted.