# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00235-CR

**Michael Alamia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 18,302, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## O P I N I O N

Michael Alamia appeals from a conviction for the offense of sexual assault of a child. *See* Tex. Penal Code § 22.011(a)(2)(A). In a single issue on appeal, Alamia argues that the trial court erred by giving the jury a "prejudicial and coercive" *Allen* charge over his objection. *See Allen v. United States*, 164 U.S. 492 (1896). Because the trial court did not err in giving the *Allen* charge, we will affirm.

## BACKGROUND

After the guilt-innocence phase of the trial concluded, the trial court read the charge to the jury, and the jury retired to deliberate at 2:28 p.m. Later that afternoon, the jury sent out two notes, which were filed by the district clerk at 5:10 p.m. The trial court consulted with the parties, then brought the jury in to address its questions, which both concerned the review of evidence.

Later that evening, in a series of exchanges all filed by the clerk at 7:57 p.m., the jury sent a note that stated, "We are willing to reconvene tomorrow, however, multiple jurors feel one juror is allowing his verdict to be determined by prejudice or bias as directed on page 5 of the judge[']s charges. Is there any recourse for this issue?" The court sent back a note stating that it did not understand the question and requested clarity. The jury's note in response said, "If we feel that members of the jury cannot uphold the charges specified by the judge in reviewing the evidence provided fair and impartial, what recourse do we have have [sic] as a jury?" The trial court stated on the record its intent to "remind the jurors that they took an oath to a true verdict render according to the law and the evidence" and give "a supplemental charge to the jury that I've given copies of both to the State and defense." Alamia objected to the supplemental charge, but his objection was overruled, and the trial court instructed the jury by giving an *Allen* charge that told the jurors to "decide the case if you can conscientiously do so."

After the jury deliberated a little longer that evening, the trial court sent the jury home at 8:45 p.m. The jury returned the following morning and returned a guilty verdict at 9:30 a.m. Alamia received a 75-year prison sentence and now appeals.

**DISCUSSION**

Alamia argues that the supplemental charge was "prejudicial and coercive" and maintains that if jury deliberations had continued without the supplemental charge, the jury may have hung.

A supplemental charge to a jury that has declared itself deadlocked, like the one given here, is referred to as an *Allen* charge. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006). "It reminds the jury that if it is unable to reach a verdict, a mistrial will result,

2

the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve." *Id.* The *Allen* charge has long been sanctioned by both the United States Supreme Court and the Texas Court of Criminal Appeals. *Mixon v. State*, 481 S.W.3d 318, 326 (Tex. App.—Amarillo 2015, pet. ref'd) (citing *Allen*, 164 U.S. at 501–02 and *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996), *overruled on other grounds by Easley v. State*, 424 S.W.3d 535, 538 n.23 (Tex. Crim. App. 2014)). But the trial court "must be careful to word it and administer it in a non-coercive manner." *Barnett*, 189 S.W.3d at 277 n.13 (citing *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988)). An *Allen* charge is unduly coercive if it pressures jurors into reaching a particular verdict or improperly conveys the trial court's opinion of the case. *West v. State*, 121 S.W.3d 95, 107–08 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Arrevalo v. State*, 489 S.W.2d 569, 571 (Tex. Crim. App. 1973)). Our review of Alamia's contention that the jury was improperly coerced requires us to consider the supplemental charge "in its context and under all the circumstances." *Lowenfield*, 484 U.S. at 237 (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965) (per curiam)). We review the trial court's decision whether to give an *Allen* charge for abuse of discretion. *See Rosales v. State*, 548 S.W.3d 796, 804 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).

Here, the trial court gave the following instruction:

You are instructed that in a large portion of the cases, absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror and not a mere acquiescence of the conclusion of other jurors, yet each juror should show a proper regard to the opinion of each other. You should listen with a disposition to be convinced to the arguments of the other jurors. If a larger number of jurors are for deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or surmise and not on the evidence in the case, keeping in mind the impression the evidence has made on the majority of the jurors of equal honesty and intellect as the minority.

3

> Bear in mind, also, that if you do not reach a verdict in this case, that a mistrial will be granted and that the case will be tried again to a different jury but the next jury may or may not be in any better position to decide the case than you. Therefore, you are instructed that it is your duty to decide the case if you can conscientiously do so and I will ask you now to retire and deliberate for a little bit longer. I will let you go home in a little bit, but I ask that you retire and deliberate for a bit longer at this point.

This language is consistent with similar instructions used in *Allen* charges throughout the state that have been held to be noncoercive, including by this Court. *See, e.g.*, *West*, 121 S.W.3d at 108–09 (approving of instruction that "[i]f a large number of jurors are for deciding the case in one way, those in the minority should consider whether they are basing their opinion on speculation or guesswork and not on the evidence in the case"); *Loving v. State*, 947 S.W.2d 615, 620 (Tex. App.—Austin 1997, no pet.) (overruling challenge to "traditional *Allen* charge, which exhorts the jurors in the minority to 'consider whether they are basing their opinion on speculation or surmise and not on the evidence in the case, keeping in mind the impression the evidence has made on a majority of the jurors of equal honesty and intellect as the minority'"); *see also Allen*, 164 U.S. at 501 ("It certainly cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself."). The supplemental charge does not contain the type of language that courts have held to be coercive. *See, e.g.*, *Green v. United States*, 309 F.2d 852, 855 (5th Cir. 1962) (concluding instruction that "it is the duty of the minority to listen to the argument of the majority with some distrust of their own judgment because the rule is that the majority will have better judgment than the mere minority" exceeds permissible limits).

Alamia argues that the charge here was coercive because "it told the jury that it was the duty of those jurors in the minority to listen to the argument of the majority with some distrust of their own judgment because the rule is that the majority will have better judgment than the minority." But the supplemental charge did not include that language. Instead, the supplemental charge merely stated that those jurors in the minority "should consider whether they are basing their opinion on speculation or surmise and not on the evidence in the case" and "keep[] in mind the impression the evidence has made on the majority of the jurors of equal honesty and intellect as the minority." In other words, the supplemental charge did not tell the jury that one side possesses superior judgment or tell jurors in the minority to distrust their judgment because the majority has better judgment. *See West*, 121 S.W.3d at 109. The supplemental charge was proper, as it did not "shade the instruction with coercive nuance." *See Howard*, 941 S.W.2d at 124.

Further, Alamia contends that the supplemental charge improperly "implied to the members of the jury that the failure to reach a unanimous verdict would constitute a violation of the juror's oath." He refers to the statement that the trial court gave in response to the jury's question and before it gave the above *Allen* charge:

> This Court will remind the jury that the jury did take an oath to be on the jury. The oath does say and part of the verbiage of the oath is that you will a true verdict render according to the law and the evidence and on page 5 of the charge of the Court, it does state and it is the law of the state of Texas that jurors are not allowed to have their verdict be determined by bias or prejudice. In addition to that, ladies and gentlemen of the jury, the Court will give this additional instruction.

Alamia argues that "it was error for the trial court to admonish the jurors to follow their oaths without further instructing them that it was proper for them to steadfastly adhere to their individual convictions, even if the end result was a mistrial." But what followed this statement by the trial court was the *Allen* charge—the "additional instruction"—that we have concluded was

5

not coercive. Thus, contrary to Alamia's argument on appeal, the trial court did "further instruct" the jury following this challenged statement.

Alamia points to *Griffith v. State* in support of his position. *See* 686 S.W.2d 331 (Tex. App.—Houston [1st Dist.] 1985, no pet.). In *Griffith*, the court of appeals considered the following supplemental charge:

> Members of the jury, in response to your comment regarding your inability to reach a verdict, *I will instruct you to follow the oath that you took, that you and each of you solemnly swear that in the case of the State of Texas v. Lawrence Scott Griffith, you will a true verdict render according to the law and the evidence so help you God*. It would be necessary for the court to declare a mistrial if the jury found itself unable to arrive at a unanimous verdict after a reasonable length of time. The indictment will still be pending, and it's reasonable to assume the case will be tried again, the same questions to be determined by another jury and with no reason to hope such other jury would find the questions any easier to decide.
>
> The length of time that the jury will be required to deliberate is within the discretion of the court, and the court does not at the present time feel the jury has deliberated a sufficient length of time to fully eliminate the possibility of its being able to arrive at a verdict.
>
> You are to continue to deliberate in this case.

*Id.* at 331–32 (emphasis in original). Our sister court concluded that this supplemental charge "stands in marked contrast to the instruction in *Allen*" based on "[t]he admonishment to 'follow the oath that you took,'" which it reasoned "implies that the failure to reach a unanimous verdict either results from or constitutes a violation of the juror's oath." *Id.* at 333. The court reasoned that "[i]nstructing a deadlocked jury to follow its oath creates a significant risk that jurors will interpret the comment as criticism of the position taken by the minority." *Id.* But it noted that "cautionary instructions"—like telling the jury not to "surrender any conscientious views founded upon the evidence unless convinced by his or her fellow jurors of his or her error"—would "clearly

6

reduce the charge's coercive potential." *Id.* (quoting *Love v. State*, 627 S.W.2d 457 (Tex. App.—Houston [1st Dist.] 1981, no pet.)).

Here, the statement that Alamia takes issue with "to admonish the jurors to follow their oaths" was in response to the jury's statement in its first note that "multiple jurors feel one juror is allowing his verdict to be determined by prejudice or bias." That is, the trial court did not "admonish the jurors to follow their oaths" to render a true verdict as was the case in *Griffith*; it admonished the jurors that they "are not allowed to have their verdict be determined by bias or prejudice." *See id.* And, unlike in *Griffith*, the trial court here gave further instructions in the *Allen* charge "to decide the case if you can conscientiously do so." *Cf. id.* ("[T]he trial court erred in admonishing the jurors to follow their oaths without further instructing them that it was proper for them to steadfastly adhere to their individual convictions."); *see, e.g.*, *West*, 121 S.W.3d at 109 (noting trial court "carefully concluded" supplemental charge it found proper by instructing jury to arrive at verdict "only if it could do so 'without doing violence to your conscience'").

We hold that the trial court did not abuse its discretion by overruling Alamia's objection to the supplemental charge. *See Rosales*, 548 S.W.3d at 804. We overrule Alamia's sole issue on appeal.

## CONCLUSION

We affirm the judgment of conviction.

7

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   April 30, 2026

Publish

8